OPINION
Defendant-appellant, Abbas Ismail Abdullah, appeals an order of the Clermont County Court of Common Pleas denying his application to expunge and seal the record of his arson convictions.
Appellant was indicted on June 15, 1988 on nine counts of aggravated arson and one count of arson. The charges stemmed from a 1988 explosion and fire in a Batavia, Ohio restaurant which resulted in the total destruction of the building in which it was housed. Appellant was hired by the female owner of the restaurant and her friend to go into the building where the owner had left gasoline to start a fire. As appellant was moving gasoline around in the restaurant, a pilot light ignited the gas and caused an explosion. The explosion woke a resident living above the restaurant who in turn awoke other residents in the adjoining building. It took several fire departments and about one hundred firemen to put out the fire. The claims for loss of property totaled more than $400,000.
Following a plea bargain agreement, appellant pled no contest and was convicted of two counts of arson in violation of R.C.2909.03(A)(1) and one count of arson in violation of R.C. 2909.03
(A)(2). Appellant was thereafter sentenced to two consecutive two-year terms of imprisonment on the first two counts and to one con current two-year term of imprisonment on the third count. Appellant was discharged in January 1991.
On March 18, 1994, appellant filed an application for expungement of the record of his convictions. Appellant sought expungement on the ground that he had tremendous difficulties in finding employment as an aeronautical engineer due to his arson convictions. By decision filed June 8, 1994, the trial court denied appellant's application for expungement as follows:
 The defendant has been convicted of a very serious offense which threatened the lives and property of several people. He has chosen to enter the field of aeronautical engineering which presents serious security issues. * * * The defendant was pressured once into committing a dangerous act and it is the concern of this Court that having been pressured once to commit such an act, he may be susceptible to such pressure yet again in the future. How ever, the next time the applicant succumbs to such pressure the consequences could be much more devastating. Regardless of whether the applicant's employment is with the government or in private industry, the potential for loss of life and property is great.
Appellant did not appeal the ruling. Thereafter, in an effort apparently to alleviate the state's concern that appellant may be a threat to national security if he became employed as an aeronautical engineer, appellant returned to school and obtained a degree in computer technology.
On October 7, 1997, appellant filed the instant application for expungement of record of his convictions. By decision and entry filed July 17, 1998, the trial court denied appellant's application. This appeal follows.
In his sole assignment of error, appellant argues that the trial court abused its discretion in denying his application for expungement. We disagree.[1]
Convicted first-time offenders may seek expungement and sealing of their criminal records under R.C. 2953.32. R.C. 2953.32(C) (1) sets forth the requirements a trial court must follow to deter mine if an applicant is entitled to have his record of conviction sealed or expunged. If the trial court finds that the applicant is a first-time offender, that there are no criminal proceedings pending against him, that the applicant has been rehabilitated to the court's satisfaction, and that there is not a legitimate governmental need to maintain the record which outweighs the interest of the applicant in having his record expunged or sealed, the court shall order the applicant's record expunged or sealed. R.C. 2953.32(C) (2). Not every applicant, however, is entitled to have his record expunged. State v. Mastin (1992), 83 Ohio App.3d 814,816.
In addition, it is well-established that a trial court has broad discretion in ruling on an application filed pursuant to R.C. 2953.32. State v. McGinnis (1993), 90 Ohio App.3d 479, 481. A trial court's decision to deny expungement will not be disturbed on appeal absent a showing that the trial court abused its discretion. State v. Orth (Dec. 27, 1993), Clermont App. No. CA93-03-020, unreported, at 3. An abuse of discretion is more than an error of law or judgment and implies that the trial court's decision is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
In the case at bar, it is not disputed that appellant is a first-time offender, that there are no criminal proceedings pending against him, and that he has been rehabilitated to the trial court's satisfaction. Therefore, the only issue before this court is whether the trial court abused its discretion in holding that the legitimate needs of the government to maintain appellant's record outweighed appellant's interest in having his record sealed or expunged.
The trial court denied appellant's instant application for expungement as follows:
 The Defendant's main argument is that he has now become skilled in the area of computer technology but has been denied potential employment because of his felony convictions. Therefore, the Defendant wants his record to be sealed in order that prospective employers will not be able to learn of his arson convictions.
 In considering this argument, the court recognizes that R.C. 2952.33(B) specifically provides that in any application for employment or license, a person may be questioned only with respect to convictions not sealed, unless the question bears a direct and substantial relationship to the position for which the person is being considered. Furthermore, a sealed record of conviction may still be inspected by a limited group of individuals, including law enforcement officers or prosecutors. * * *
 However, this court is not convinced that these convictions will prevent the Defendant from obtaining employment and being a productive member of society.
 Additionally, the same concerns are present now as were present with the earlier application for expungement. The nation is dependent on the operation of its computer systems, as is reflected by the current concern over the year 2000 problem. Many individual computer applications also involve security concerns. The court has great concerns about granting expungement to someone who is working in such a security sensitive occupation.
 Beyond that, the government's need to maintain the records of the Defendant's arson convictions is premised upon protection of the public's interest and preserving the public's opportunity to be informed about such matters with respect to persons in the workplace. * * * These are not insignificant interests, and the court finds that these interests in this case exceed any interests that the Defendant may have in obtaining a sealing of the record. The court finds that this is particularly true when considering the serious nature of the offense and the circumstances under which they were committed.
We cannot improve upon the reasoning and analysis of the trial court in its decision. In light of the trial court's awareness of the circumstances surrounding the original charge, including the fact that appellant was once pressured into committing a dangerous act and the fact that appellant's first application for expungement was denied, we find that the trial court's denial of appellant's application for expungement was not so unreasonable, arbitrary, or unconscionable as to constitute an abuse of discretion. Appellant's sole assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.
[1] Like the Eighth Appellate District, we "questio[n] whether this appeal is * * * appropriate in view of the legislature's failure to provide for successive applications of expungement, the trial court's previous rulin[g] on appellant's motio[n] for expungement, * * * and the doctrine of resjudicata." State v. Shamatta (Dec. 7, 1995), Cuyahoga App. No. 69036, unreported, at 2.