THE STATE OF OHIO, APPELLANT, *v.* GREENE, APPELLEE.

[Cite as *State v. Greene* (1991), 61 Ohio St.3d 137.]

(No. 90–1495—Submitted April 24, 1991—Decided July 10, 1991.)

138

*Norman E. Brague,* Law Director, and *Page C. Shrock III,* for appellant. *Phillip Greene, pro se.*

HERBERT R. BROWN, J.   For the reasons which follow, we find that the trial court's judgment was based on an error of law, and affirm the judgment of the court of appeals.

The trial court was concerned that expunging Greene's conviction would prevent this court from obtaining a complete picture of his fitness to practice law.   However, this is not the case.

Gov.Bar R. I(2)(B)(5) requires all applicants for admission to the bar to file a completed character questionnaire.   Question 12 reads in pertinent part:

"(a) State whether you have ever been, or presently are, a party to or otherwise involved (except as a witness) in:

" * * *

"(2) *any* criminal or quasi-criminal action or legal proceeding (whether involving a misdemeanor, minor misdemeanor, traffic offense, or felony) * * *." (Emphasis added.)

Gov.Bar R. I(2)(B)(6) further requires the applicant to submit three authorization and release forms granting the Board of Commissioners on Character and Fitness access to sealed criminal records.   Together, these provisions insure that this court will know the details of an expunged conviction when determining if an applicant is fit to practice law in this state.

Thus, it was not necessary for the trial court to deny expungement in order to protect our inquiry into Greene's fitness to become a lawyer.[3] While the trial court, in its entry, also said that " * * * criminal convictions of possible bar members should be open to the public for its inspection * * *," it is clear that the prime reason for denying expungement was rooted in a misconception of the law. Given that the trial court's decision was based on this erroneous assumption, the court of appeals was correct to reverse it and order the conviction expunged.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, HOLMES, DOUGLAS and WRIGHT, JJ., concur.

MOYER, C.J., and RESNICK, J., concur in part and dissent in part.

MOYER, C.J., concurring in part and dissenting in part. I agree with the majority's conclusion that the trial court erred in denying expungement based on this court's need to know of the defendant's conviction for assault. However, I cannot agree with the majority's affirmance of the court of appeals' judgment.

As a second reason for its decision, the trial court relied on its conclusion "that criminal convictions of possible bar members should be open to the public for its inspection in order that the public may satisfy itself as to the fitness of the Defendant to be employed as an attorney." This emphasis on the public's need to know was not misplaced and it should be supported by this court. R.C. 2953.32(C)(1)(e) and (2) mandate a weighing of the "interests of the applicant" for expungement against "any legitimate governmental needs to maintain such records." In setting forth a similar balancing test in *Pepper Pike v. Doe* (1981), 66 Ohio St.2d 374, 377, 20 O.O.3d 334, 336, 421 N.E.2d 1303, 1306, this court stated that "the public interest in retaining records of criminal proceedings, and making them available for legitimate purposes, [typically] outweighs any privacy interest the defendant may assert." After having been amended in 1984, R.C. 2953.32 now provides for a "greater emphasis on the individual's interest in having the record sealed." *State v. Bissantz* (1988), 40 Ohio St.3d 112, 114, 532 N.E.2d 126, 128. Nevertheless, the public's need to know is a relevant, legitimate governmental need under the statute. Cf. *State v. Grove* (1986), 29 Ohio App.3d 318, 320, 29 OBR 418, 420, 505 N.E.2d 297, 299.

---

3. It should be noted, however, that we are not passing on Greene's fitness to practice law at this time. That question is reserved for another proceeding.

The relevance of the public's need to know is heightened in this case, given the defendant's plans to become an attorney and the facts underlying his conviction. In an "expungement report" apparently submitted to the trial court, it is alleged that the defendant threatened to kill his former girlfriend during a physical attack on her and her male companion at a social gathering. The assault charge regarding the girlfriend was dismissed at her request. Defendant was convicted of assault on the male. Even now, the events underlying defendant's conviction are only six years removed.

The court of appeals apparently believed that the public's need to know of such a conviction was not a "legitimate" governmental need because R.C. 2953.33(B) permits prospective employers to inquire into expunged convictions if the inquiry "bears a direct and substantial relationship to the position for which the person is being considered." However, the interests of the defendant's future employers, including clients, are not illegitimate merely because R.C. 2953.33(B) affords them some additional protection. Nothing in that statute renders their interests irrelevant for purposes of the weighing process under R.C. 2953.32(C).

The Supreme Court of Ohio is charged by the Ohio Constitution with the admission to the bar and discipline of members of the bar. It seems paradoxical that we would declare as an abuse of discretion the decision of a trial judge that has the effect of preserving rather than eliminating a very important source of information from the public regarding a person who intends to become a member of the bar of Ohio. A person seeking the services of a lawyer should have available to him or her information that may affect the choice. Can we say that knowledge of an attorney's conviction for assault would never affect a person's decision to employ a lawyer? I think not. The issue is not whether every person who would engage the services of "attorney" Greene would search the public records to determine whether he had engaged in criminal conduct. The question is whether this court should eliminate the opportunity for such information to be found if it is sought.

Although the trial court erred in considering this court's need to know, it did not err in weighing the public's need to know as a legitimate governmental need under R.C. 2953.32(C)(1)(e) and (2). On this latter basis, considering the facts of the case, the trial court could still deny the defendant's expungement motion without abusing its discretion.

Because the defendant is not entitled to expungement as a matter of law, it was error for the court of appeals to order the expungement of his assault conviction. We should remand the case to the trial court so that it can decide

whether to expunge the conviction without relying on this court's need to know as a basis for that decision.

RESNICK, J., concurs in the foregoing opinion.