The STATE of Ohio, Appellee,

v.

MASTIN, Appellant.

[Cite as *State v. Mastin* (1992), 83 Ohio App.3d 814.]

Court of Appeals of Ohio,
Auglaize County.

No. 2–92–2.

Decided Nov. 20, 1992.

*Mark E. Spees,* Auglaize County Prosecuting Attorney, for appellee.

*Paul E. Howell,* for appellant.

HADLEY, Presiding Judge.

This is an appeal by defendant-appellant, Gary Mastin, from the judgment of the Common Pleas Court of Auglaize County denying his motion for sealing of a record of conviction under R.C. 2953.32.

On September 21, 1987, appellant, after admitting to having sex with a seventeen year-old girl on his track team, through plea negotiations pled guilty to one count of attempted sexual battery in violation of R.C. 2923.02 and 2907.03, a felony of the fourth degree. On September 23, 1987, the trial court sentenced appellant to eighteen months in prison. Appellant was released from prison after serving twelve months of his sentence and was not placed on probation or parole at the time of his release.

On November 18, 1991, appellant filed an application for sealing of conviction, pursuant to R.C. 2953.32. Thereafter, on February 10, 1992, a hearing was held on appellant's application. The prosecutor did not file any objections to appellant's application and waived his appearance at the hearing. On March 9, 1992, the trial court denied appellant's application. It is from this judgment that appellant appeals and asserts three assignments of error.

### Assignment of Error No. I

"The trial court erred in denying the application for expungement by failing to apply the correct statutory standard for determining whether to grant the application."

Appellant argues that the trial court did not correctly apply the standards set forth in R.C. 2953.32(C)(1) and (2) in determining the merits of his application.

R.C. 2953.32(C)(1) sets forth the requirements the trial court shall follow to determine if an applicant is entitled to have his record of conviction sealed or expunged. If the trial court, after complying with R.C. 2953.32(C)(1), finds that

the applicant is a first-time offender, that there are not any criminal proceedings pending against the applicant and that there is not a legitimate governmental need to maintain the records which outweighs the interest of the applicant in having his record expunged or sealed, the court shall order the applicant's record expunged or sealed. See R.C. 2953.32(C)(2). However, not every applicant is entitled to have his record expunged.

It is not disputed that appellant is a first-time offender, that there are not any pending criminal proceedings against him and that no objections were filed by the prosecutor. Therefore, the only issue before this court is whether the trial court abused its discretion when it held that there was a legitimate governmental need to maintain the records which outweighed appellant's interest in having his record sealed or expunged.

In *State v. Greene* (1991), 61 Ohio St.3d 137, 573 N.E.2d 110, the Ohio Supreme Court held that an application for sealing or expungement cannot be denied on the basis of the interest of society.

Herein, although the trial court mistakenly held that expungement would be against the best interests of society regarding the applicant's professional licensure, it also considered other factors in determining a legitimate governmental need in denying the application. The trial court in denying appellant's application weighed the record, which reflected the nature of the offense, the fact that offensive acts were committed more than once over a period of five to six weeks and that appellant knew that he was in a position of authority over much younger and more naïve individuals. Therefore, since the trial court did not deny appellant's application solely because of the interest of justice, see *Greene, supra*, but rather in accordance with the criteria set forth in R.C. 2953.32(C)(1) and (2), appellant's first assignment of error is overruled.

## Assignment of Error No. II

"Is maintaining the record of a criminal conviction a 'legitimate governmental need' as defined in [R.C.] 2953.32(C)(2) when the trial court erroneously believed that expungement would open the door to the applicant's professional re-certification without his prior conviction being considered in the determination as to his fitness for re-certification?"

Appellant argues that the only reason that the trial court denied his application was upon the erroneous belief that expungement would allow appellant to be recertified as a teacher without his criminal conviction being considered.

As set forth above, appellant ignores the fact that the record reflects that the trial court also considered other criteria in denying his application for expungement. The trial court stated in its judgment entry:

"[T]he [c]ourt * * finds that the government has legitimate *needs* to maintain the record of the conviction of the [d]efendant in that the [d]efendant *committed the offense against a student* while being a school teacher; that such *offense was repeated in nature and of such character* that, in order for the government to have proper and appropriate knowledge and information concerning the [d]efendant as it relates to his licensure and certification to teach school, it is necessary to put legitimate government interest *to protect the student population* and to fairly disclose to those who have decision-making capability in this state concerning the [d]efendant's certification to teach school, that such legitimate government *interests* exceed and outweigh any interests of the applicant in having the records pertaining to his conviction sealed." (Emphasis added.)

Therefore, the trial court's reasoning in denying appellant's application was not contrary to law and appellant's second assignment of error is overruled.

### Assignment of Error No. III

"The trial court's decision is against the manifest weight of the evidence."

■ Appellant asserts that the testimony adduced at the hearing demonstrates that he is rehabilitated and is not dangerous to society. Appellant also asserts that his interest in expunging his record is to better provide for his family whether it be in the teaching field or within another field and that the testimony adduced at trial does not support the trial court's judgment.

■ The state did not object to appellant's application nor was there any testimony or evidence adduced at the hearing that demonstrated that appellant was dangerous or that he had not been rehabilitated. The expert testimony by Dr. Johnson supports appellant's contention. However, the trial judge presided over *all* the proceedings and is given wide discretion in weighing the evidence in considering rehabilitation, the danger to society, and the demeanor and the motive of the applicant. Based upon the trial court's observation, the record of appellant, and the facts and circumstances of the offense, the judgment of the trial court was not against the manifest weight of the evidence. Therefore, appellant's third assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

EVANS and SHAW, JJ., concur.