OPINION
{¶ 1} Appellant, the state of Ohio, appeals from the March 12, 2008 judgment entry of the Portage County Municipal Court, Kent Division, ordering that all official records pertaining to the case be sealed.
 {¶ 2} On August 1, 2007, a traffic ticket was filed alleging that appellee, James Selesky, committed the offenses of failure to stop after an accident, a misdemeanor of the first degree, in violation of R.C. 4549.02, and operating a vehicle without reasonable *Page 2 
control ("failure to control"), a minor misdemeanor, in violation of R.C. 4511.202. On October 24, 2007, Selesky appeared with counsel at his initial appearance and entered a plea of no contest to the failure to control charge. The trial court accepted Selesky's plea, found him guilty of failure to control, fined him $50 plus court costs, and dismissed the remaining charge of failure to stop after an accident.
 {¶ 3} Immediately following the sentencing hearing, Selesky filed a petition/application to expunge/seal records, indicating that the case against him was dismissed and there are no criminal proceedings now pending against him.[1]
 {¶ 4} On November 5, 2007, the Adult Probation Department wrote a letter to the trial judge stating that Selesky's application for expungement should be denied because he has a connecting conviction on the same case number.
 {¶ 5} A motion hearing was scheduled for January 15, 2008 at 10:30 a.m.
 {¶ 6} On January 15, 2008, the trial court filed a pre-printed judgment entry, revealing that the matter came before it and that only Selesky and his counsel were present, not the prosecutor. The trial court granted Selesky's request to seal the record, and the following language was hand-written on the judgment entry: "Portage Co. Adult Probation is instructed to prepare an entry of expungement sealing the record on the charge of Hit Skip/Leaving the Scene of an Accident in Case No — K07 TRD 2885; this charge having been dismissed by the ct. on 10-24-07." *Page 3 
 {¶ 7} Pursuant to its March 12, 2008 judgment entry, the trial court ordered that all official records pertaining to the case be sealed. Specifically, the trial court indicated the following:
 {¶ 8} "This matter came on before the Court for hearing on the Application for the sealing of the records of the Applicant, having been the defendant named in a dismissed complaint, indictment, or information. Upon consideration thereof, the evidence and arguments of Counsel, the Court makes the following determinations:
 {¶ 9} "1. The Court finds that the complaint, indictment, or information in the case was dismissed;
 {¶ 10} "2. The Court finds that no criminal proceedings are pending against the Applicant;
 {¶ 11} "3. The Court finds that the Prosecutor has not filed an objection to the Applicant's petition for Sealing of the Records;
 {¶ 12} "4. The Court further finds that the interests of the Applicant in having the official records pertaining to the case sealed outweigh the legitimate needs of the government to maintain those records.
 {¶ 13} "IT IS HEREBY ORDERED that all official records pertaining to the case be sealed, and that, except as provided in Section 2953.52 of the Ohio Revised Code, the proceedings in the case be deemed not to have occurred."
 {¶ 14} It is from the foregoing judgment that the state filed a timely notice of *Page 4 
appeal, asserting the following assignment of error for our review:[2]
 {¶ 15} "As the trial court exceeded its statutory authority provided for in Sections 2953.31 to 2953.36 and 2953.51 to 2953.61 of the Revised Code, the resulting trial court entry sealing Selesky's criminal records was error."
 {¶ 16} In its sole assignment of error, the state argues that the trial court erred by sealing Selesky's criminal records and exceeded its statutory authority under R.C. 2953.31 to 2953.36 and R.C. 2953.51 to2953.61. The state presents three issues for our review: (1) "Selesky's application to seal his records pertaining to the dismissed charge of stopping after an accident was from a case involving multiple charges and therefore subject to R.C. 2953.61 [;]" (2) "Pursuant to R.C. 2953.36(B), expungement could not be granted to an individual convicted under Chapter 4511 of the Revised Code[;]" and (3) "The trial court failed to comply with its mandatory duties under the statute regarding the procedure required after the filing of an application to seal a criminal record."
 {¶ 17} Preliminarily, we note that the standard of review for an appellate court addressing an application to seal a record of conviction is abuse of discretion. State v. *Page 5 Hilbert (2001), 145 Ohio App.3d 824, 827-828. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Desellems (Feb. 12, 1999), 11th Dist. No. 98-L-053, 1999 Ohio App. LEXIS 458, at 8, citing State v. Montgomery (1991),61 Ohio St.3d 410, 413. Regarding this standard, we recall the term "abuse of discretion" is one of art, essentially connoting judgment exercised by a court which neither comports with reason, nor the record. State v.Ferranto (1925), 112 Ohio St. 667, 676-678.
 {¶ 18} With respect to its first issue, R.C. 2953.61 provides: "[w]hen a person is charged with two or more offenses as a result of or in connection with the same act and at least one of the charges has a final disposition that is different than the final disposition of the other charges, the person may not apply to the court for the sealing of his record in any of the cases until such time as he would be able to apply to the court and have all of the records in all of the cases pertaining to those charges sealed pursuant to divisions (A)(1) and (2) of section 2953.32 and divisions (A)(1) and (2) of section 2953.52 of the Revised Code."
 {¶ 19} In the case at bar, again, a traffic ticket was filed alleging that Selesky committed the offenses of failure to stop after an accident and failure to control. The trial court dismissed the charge of failure to stop after an accident and found Selesky guilty of failure to control. Selesky requested the trial court to seal his records with respect to the dismissed charge. Because Selesky's application was from a case involving multiple charges, it is subject to R.C. 2953.61.
 {¶ 20} The state's first issue is with merit. *Page 6 
 {¶ 21} Regarding its second issue, R.C. 2953.36(B) expressly prohibits the expungement of convictions under Chapter 4511 of the Revised Code. Specifically, R.C. 2953.36(B) states in part: "[s]ections 2953.31 to2953.35 of the Revised Code do not apply to *** [c]onvictions under *** Chapter 4511 *** of the Revised Code ***[.]"
 {¶ 22} In the instant matter, Selesky was convicted of failure to control, a minor misdemeanor, in violation of R.C. 4511.202. As such, his failure to control conviction cannot be expunged/sealed pursuant to R.C. 2953.36(B). Thus, Selesky cannot satisfy the requirement of R.C. 2953.61 "to apply to the court and have all of the records in all of the cases pertaining to those charges sealed[.]" (Emphasis added.) However, the trial court abused its discretion because it had no statutory authority to grant Selesky's application to expunge/seal the record.
 {¶ 23} The state's second issue is with merit.
 {¶ 24} With regard to its third issue, upon the filing of an application to seal a record either following a conviction pursuant to R.C. 2953.32 or after the dismissal of a proceeding based on R.C. 2953.52, the trial court is required to set a date for a hearing and notify the prosecutor in the case of the hearing on the application. "The prosecutor may object to the granting of the application by filing an objection with the court prior to the date set for the hearing." R.C. 2953.32(B); and 2953.52(B)(1).
 {¶ 25} In the case sub judice, the record reflects that the prosecutor was not given notice of the motion hearing scheduled for January 15, 2008. The trial court docket reflects that notice was sent to the Adult Probation Department, Selesky, and his attorney. Thus, the prosecutor had no opportunity to prepare objections before the hearing. The trial court had no statutory authority to grant Selesky's application. *Page 7 
 {¶ 26} The state's third issue is with merit.
 {¶ 27} For the foregoing reasons, the state's sole assignment of error is well-taken. The judgment of the Portage County Municipal Court, Kent Division, is reversed and the matter is remanded for further proceedings consistent with this opinion. The court finds there were reasonable grounds for this appeal.
CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.
[1] Selesky's application was a pre-printed, multi-colored carbon copy form that apparently consisted of a white (clerk), canary (probation), pink (applicant), and goldenrod (prosecutor) copy. The form contained the following bolded language at the bottom: "** NOTICE TO APPLICANT:CONTACT THE ADULT PROBATION DEPT. (PH 330-297-3650). INVESTIGATION OFTHIS APPLICATION WILL NOT PROCEED UNTIL YOU HAVE CONTACTED THE ADULTPROBATION DEPT. THE COURT WILL NOT RULE ON YOUR REQUEST UNTIL THEINVESTIGATION IS COMPLETED AND FILED WITH THE COURT. IF THERE IS NOCONTACT OR INTERVIEW WITH THE ADULT PROBATION DEPT. WITHIN 30 DAYS OFTHIS FILING, THE ADULT PROBATION DEPT. WILL REQUEST THE COURT DISMISSTHIS APPLICATION."
[2] On March 20, 2008, the state requested a copy of the audio recording of the January 15, 2008 proceeding and filed a motion to stay the execution of the judgment entry pending appeal. The docket reveals that the trial court failed to respond to the state's request for a copy of the recording from the hearing. In its appellate brief, the state notes that since it received no notice of the January 15, 2008 hearing and was not present, neither an App. R. 9(C) or (D) statement was a viable option. On November 6, 2008, this court sua sponte remanded this case to the trial court for a period of 30 days for the sole purpose for the trial court to produce the transcript and/or audio recording of the January 15, 2008 hearing pursuant to the state's March 20, 2008 request. On December 8, 2008, the clerk of courts refiled the record. However, there was no transcript and/or audio recording in the file and/or no written entry stating whether such transcript or audio recording exists. Thus, on December 23, 2008, we sua sponte remanded this case back to the trial court for a period of ten days for the sole purpose for the trial court to produce the transcript and/or audio recording of the January 15, 2008 hearing, or alternatively if such could not be produced, to issue a judgment indicating the status of this matter. Pursuant to our second remand, the trial court issued a judgment entry on December 30, 2008, and filed a compact disc recording of the January 15, 2008 hearing. In its entry, the trial court noted that a copy would be delivered to the assistant prosecutor the following day. *Page 1