[Cite as *State v. Sass*, 2014-Ohio-4745.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2014-T-0019** |
| - vs - | : | |
| GARY N. SASS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2004 CR 00585.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *LuWayne Annos,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Rhys Brendan Cartwright-Jones,* 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1}   Defendant-appellant, Gary N. Sass, appeals from the Judgment Entry of the Trumbull County Court of Common Pleas, denying his Motion for Sealing of Record. The issue to be determined by this court is whether a trial court abused its discretion in denying a motion to seal the record when it concluded that the State's interest in having the record not sealed outweighs the defendant's interest, since the defendant is a

pharmacist who used his position to illegally sell prescription medication. For the following reasons, we affirm the judgment of the lower court.

{¶2} On September 30, 2004, Sass was indicted by the Trumbull County Grand Jury on one count of Aggravated Trafficking in Drugs, a felony of the third degree, in violation of R.C. 2925.03(A)(1) and (C)(1)(c); three counts of Illegal Processing of Drug Documents, felonies of the fourth and fifth degrees, in violation of R.C. 2925.23(B)(1) and (F)(1) and (2); and two counts of Trafficking in Drugs, felonies of the fourth degree, in violation of R.C. 2925.03(A)(1) and (C)(2)(c).

{¶3} A bill of particulars was filed on October 28, 2004, alleging that Sass had agreed to give a confidential informant prescription medications, for which the informant did not have valid prescriptions, and requested "sexual favors" in return.

{¶4} On September 23, 2005, a Finding on Guilty Plea was filed, in which Sass pled guilty to one count of Aggravated Trafficking in Drugs, a felony of the fourth degree, and Trafficking in Drugs, a felony of the fourth degree, based on his sale or offer of sale of Percocet and Lorcet.

{¶5} On November 30, 2005, the State filed a Motion for Leave for Nolle Prosequi Entry, noting that the State requested a nolle prosequi on the remaining four counts of the indictment.

{¶6} The court filed a Journal Entry on December 2, 2005, in which Sass was sentenced to five years of community control, and was ordered to pay a $5,000 fine for each count and $20,000 for the costs of the investigation.

{¶7} On April 17, 2012, Sass filed a Motion for Sealing of Record. He requested an order "sealing all arrest and official records" in his case, pursuant to R.C.

2

2953.32. He asserted that his interest in having the records sealed outweighed the State's interest in maintaining the records.

{¶8} The State filed a Memorandum in opposition on June 8, 2012. It asserted that, given the circumstances of the case, which involved filling a forged prescription for a confidential informant "with the expectation of sex," the public has an interest in the record remaining unsealed. The State noted that Sass violated his responsibility as a pharmacist to prevent prescription drugs from being used illegally.

{¶9} Sass responded, arguing that the Ohio Pharmacy Board had restored his license to practice and he was seeking to work within the Medicare/Medicaid system. He asserted that the Pharmacy Board would be monitoring his practice, and sealing the record would not prevent the Board from obtaining his criminal record.

{¶10} On July 16, 2012, the court filed a Judgment Entry, stating that a hearing on the Motion had been held. No transcript of this hearing has been filed.

{¶11} Sass filed a Supplemental Memorandum in Support of his Motion on September 4, 2012, citing law in support of his contention that the Board and potential employers would still be able to consider his record of conviction, regardless of the sealing of the record.

{¶12} On February 19, 2014, the trial court issued a Judgment Entry denying Sass' Motion for Sealing of Record. The court stated the following: "As a pharmacist, the applicant violated and abused the most important of his professional responsibilities. He knowingly filled false and forged prescriptions to satisfy his sexual cravings. Putting him back in the exact same position with the exact same opportunities is against public

3

interest." The court found that Sass' interest in sealing the record did not outweigh the need to maintain his record.

{¶13} Sass timely appeals and raises the following assignment of error:

{¶14} "The court erred in denying Gary Sass' motion to seal records."

{¶15} "Generally, we review a trial court's decision to deny an application to seal a record of conviction for an abuse of discretion." *State v. Talameh*, 11th Dist. Portage No. 2011-P-0074, 2012-Ohio-4205, ¶ 20; *State v. Selesky*, 11th Dist. Portage No. 2008-P-0029, 2009-Ohio-1145, ¶ 17. An abuse of discretion has been described as a judgment "which does not comport with reason or the record," and one in which the court failed "to exercise sound, reasonable, and legal decision-making." (Citations omitted.) *Wolkoff v. Bloom Bros. Supply, Inc.*, 11th Dist. Geauga No. 2012-G-3092, 2013-Ohio-2403, ¶ 32.

{¶16} R.C. 2953.32(A) allows "an eligible offender" to "apply to the sentencing court * * * for the sealing of the conviction record * * * at the expiration of three years after the offender's final discharge if convicted of a felony." The expungement or sealing of the record is "an act of grace created by the state," and is "a privilege, not a right." *State v. Simon*, 87 Ohio St.3d 531, 533, 721 N.E.2d 1041 (2000), quoting *State v. Hamilton*, 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996). While R.C. 2953.32 "provides for an emphasis on the individual's interest in having the record sealed," it "acknowledges that the public's interest in being able to review the record is a relevant, legitimate governmental need under the statute." *Talameh* at ¶ 19.

{¶17} When a request to seal the record is made, a hearing must be held by the trial court. R.C. 2953.32(B). R.C. 2953.32(C)(1)(a)-(e) requires the court to consider

4

several factors in determining whether an eligible offender should have his record sealed, which include the following: "whether criminal proceedings are pending against the applicant"; "whether the applicant has been rehabilitated to the satisfaction of the court"; "the reasons against granting the application specified by the prosecutor" in any objection filed to the applicant's request; and the weighing of "the interests of the applicant in having the records pertaining to the applicant's conviction sealed against the legitimate needs, if any, of the government to maintain those records." If the court determines, after considering these factors, that the applicant is an eligible offender with no criminal proceedings pending, his interests are not outweighed by any legitimate governmental needs, *and* that his rehabilitation "has been attained to the satisfaction of the court," the record should be sealed. R.C. 2953.32(C)(2).

{¶18} In the present case, there was no dispute that Sass is an "eligible offender" with no criminal proceedings pending and these factors need not be considered by this court.

{¶19} As an initial matter, we note that no transcript of the hearing was filed. Pursuant to App.R. 9, the appellant has a duty to file a transcript of all portions of proceedings necessary for the court to consider the appeal and the failure to do so requires this court to presume the regularity of the proceedings. *State v. Stislow*, 11th Dist. Lake No. 2005-L-207, 2006-Ohio-4168, ¶ 24. In the absence of a transcript, it is difficult to determine whether there was evidence presented to satisfy the remaining elements necessary to justify the sealing of the record, such as whether Sass had been rehabilitated. *See State v. Shaffer*, 11th Dist. Geauga No. 2009-G-2929, 2010-Ohio-

5

6565, ¶ 32-33 (failure to testify or to present other evidence of rehabilitation at the expungement hearing justifies denial of the motion).

{¶20} Regardless, the trial court's Judgment Entry demonstrates that its denial was based on the determination that granting Sass' motion was against the public interest. Sass asserts that this specific finding constituted an abuse of discretion, since it was the basis on which his request to seal the record was denied.

{¶21} Sass argues that keeping his record open to the public is not a valid basis for denying his request to seal the record.

{¶22} Appellate courts have found that the public's interest and "need to know" of a defendant's criminal record is a legitimate governmental interest to balance against the defendant's interests. *State v. Hilbert*, 145 Ohio App.3d 824, 827, 764 N.E.2d 1064 (8th Dist. 2001); *State v. Webb*, 2nd Dist. Montgomery No. 24866, 2012-Ohio-2962, ¶ 22.

{¶23} Here, there is a public need, and, therefore, a legitimate government interest, in not sealing Sass' record. Sass abused his duty as a pharmacist and used that position to provide dangerous drugs in an attempt to receive sexual favors. Potential customers and employers have a need to be aware of the offenses he committed, which were directly related to his professional employment. *See Webb* at ¶ 26-30 (the public's right to know of the defendant's OVI offense, given the danger it posed to the public and those being driven by the defendant, justified denying her request to seal the record); *State v. Mullins*, 8th Dist. Cuyahoga No. 85273, 2005-Ohio-2193, ¶ 9-10 (the trial court did not abuse its discretion in denying the motion to seal the

6

record, given that the defendant violated the public trust by committing crimes while he was a public employee, which also created concern in future employers).

{¶24} In the present case, it is also clear that the State objected, on similar grounds, to granting the motion, which the court was required to take into consideration and provided further support for its ruling.

{¶25} While Sass asserts that it is proper to seal the record, since the fact of his conviction will still be available to the Ohio Pharmacy Board and certain employers, this does not overcome the foregoing justification for denying his Motion. This is especially true when considering that we must review the trial court's determination under an abuse of discretion and that the trial court is "in the best position to determine whether * * * the interest of the state in maintaining the records of the case outweighed appellant's interest in having the records sealed." *State v. Grove,* 29 Ohio App.3d 318, 320, 505 N.E.2d 297 (1st Dist.1986).

{¶26} In support of his assertion that denial of his motion was improper, Sass also cites *State v. Greene*, 61 Ohio St.3d 137, 573 N.E.2d 110 (1991), arguing that the Ohio Supreme Court has rejected the contention that the public's need to know of a defendant's crime is a legitimate government interest.

{¶27} We find that *Greene* is distinguishable from this case and does not prohibit a finding that the public's right to know of a defendant's crime is a legitimate government interest. In *Greene*, the court found an abuse of discretion in denying a defendant's motion to seal his record, based on the fact that the trial court's "prime reason for denying expungement was rooted in a misconception of the law." *Id.* at 140. It found that the trial court mistakenly denied expungement because it believed sealing

7

the record would prevent the Ohio Supreme Court from inquiring into the defendant's fitness to become a lawyer. *Id.* No such mistake occurred in the present case, where the lower court did not deny the motion on the basis that the Pharmacy Board had a right to know of his conviction, but denied it based on the public's interest. It is also noteworthy that the defendant in *Greene* committed an assault, which was completely unrelated to his profession, and, therefore, the public's need to know of the crime was more limited. *Id.*

{¶28} Further, as discussed above, after *Greene*, appellate courts have continued to consider the public's need to know of a defendant's offenses in evaluating requests to seal the record.

{¶29} Given the record before this court, including the lack of a transcript for review, and the burden on the defendant to "demonstrate his interest in having the records of his conviction sealed is equal to or greater than the legitimate need of the government to maintain those records," we find no grounds for reversing the trial court's decision. *Shaffer*, 2010-Ohio-6565, at ¶ 18.

{¶30} The sole assignment of error is without merit.

{¶31} For the foregoing reasons, the judgment of the Trumbull County Court of Common Pleas, denying Sass' Motion for Sealing of Record, is affirmed. Costs to be taxed against the appellant.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.


_____

8

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶32} Because I disagree with the majority's position that the trial court did not err in denying Sass' motion to seal his record of conviction, I respectfully dissent.

{¶33} This matter commenced in 2004 with an indictment against Sass, a pharmacist, alleging various drug charges. A year later, Sass entered into a plea agreement with the state. The trial court sentenced him to five years of community control.

{¶34} Following the completion of his sentence, Sass filed a motion in 2012 to seal his record pursuant to R.C. 2953.32 as the Ohio Pharmacy Board had restored his license and would be monitoring his practice. In his motion, Sass argued that his interest in having his record sealed outweighed any state interest in keeping it open.

{¶35} In 2014, the trial court disagreed with Sass and denied his motion. The court based its decision on the fact that Sass was a pharmacist and that in the course of committing the offenses, he abused the public trust relative to his status as a pharmacist.

{¶36} On appeal, Sass argues the court abused its discretion in denying his motion to seal his record based upon the fact that he is a pharmacist. For the reasons that follow, I agree with Sass.

{¶37} Appellate courts review a trial court's decision denying an application to seal a record for an abuse of discretion. *Talameh, supra,* at ¶20. The term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto*, 112 Ohio St. 667, 676-678

9

(1925). An abuse of discretion may be found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist. 2008).

**{¶38}** R.C. 2953.32, "Sealing of record of conviction or bail forfeiture," states in part at (A)(1): "* * * an eligible offender may apply to the sentencing court * * * for the sealing of the record of the case that pertains to the conviction. * * *." When a request to seal the record is made, a hearing must be held by the trial court. R.C. 2953.32(B). R.C. 2953.32(C)(1)(a)-(e) requires the court to consider various factors in determining whether an eligible offender should have his record sealed.

**{¶39}** In the instant case, Sass is an "eligible offender" and desires having his record sealed. The record before this court reveals that the Ohio Pharmacy Board has restored Sass' license and is monitoring his practice. Thus, where is there a compelling state interest to keep Sass' record open? Since the Board has already given Sass the "green light" to practice, why does the public have a right to know about his past record? A state's police power and the concept of the public's right to know involve matters regarding the protection of the health, safety, and welfare of its citizens. *See generally Complaint of City of Reynoldsburg v. Columbus Southern Power Co.,* 134 Ohio St.3d 29, 2012-Ohio-5270, ¶25. However, such is not the case here.

**{¶40}** The decision of the trial court and the majority on appeal has serious ramifications for this appellant and his profession. To brand someone a criminal is to stamp a "scarlet letter" on that person. *See State v. Clay*, 7th Dist. Columbiana No. 97 CO 58, 1999 Ohio App. LEXIS 2470, *8-9 (June 1, 1999) (Cox, P.J., dissenting). This

writer believes the trial court and the majority here are essentially placing an unnecessary "scarlet letter" upon Sass by keeping his record open. The public's right to know does not include a right to continue to punish someone who has already served his time.

{¶41} Hester Prynne, in Nathaniel Hawthorne's well-known *The Scarlet Letter*, conceived a daughter through an affair in 17th-century Puritan Boston and struggled to create a new life of repentance and dignity. In that 1850 romantic work of fiction, a crowd gathered to witness the punishment of Hester Prynne, a young woman found guilty of adultery. She was required to wear on her dress a scarlet "A," i.e., the symbol of adultery and shame. She was forced to stand on a scaffold for three hours, exposed to public humiliation.

{¶42} The instant case is not some fanciful tale appearing in a work of fiction. Rather, this is the reality for which Sass is facing. By denying Sass' motion to seal his record of conviction because he is a pharmacist, Sass is being subjected to shame and is exposed to public humiliation, similar to Hester Prynne in *The Scarlet Letter*, due to his past behavior. In essence, Sass is being forced to wear on his white coat an unnecessary, albeit invisible, scarlet "C," i.e., the symbol of criminal. Sass has already served his time and paid for his actions. Sass' license has been restored and he is being monitored by the Ohio Pharmacy Board. Based on the facts presented, Sass should not have been denied his right to seal his record because he is a pharmacist.

{¶43} I respectfully dissent.

11