[Cite as *State v. Wallace*, 2021-Ohio-1481.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No.    20CA3929 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Eric C. Wallace, | : | |
| Defendant-Appellant. | : | **RELEASED 4/27/2021** |

_____
APPEARANCES:

George L. Davis, IV, George L. Davis, III Co., L.L.C., Portsmouth, Ohio, for appellant.

Shane A. Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Assistant Scioto County Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____
Hess, J.

{¶1}    Eric Wallace appeals from a judgment of the Scioto County Court of Common Pleas denying his motion to seal the records of his convictions for one count of theft and two counts of forgery.  In his sole assignment of error, Wallace asserts that the trial court abused its discretion in denying his motion on the ground that the government's need to maintain the records outweighed his interest in having them sealed.  This decision was not unreasonable, arbitrary, or unconscionable.  Accordingly, we overrule the assignment of error and affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}    In May 2013, the Scioto County Prosecuting Attorney filed a bill of information alleging that "on or about and between the 1st day of June, 2006, and the 20th day of December, 2012," Eric Wallace committed one count of theft against the

International Association of Fire Fighters, Local 512, in violation of R.C. 2913.02(A)(2) and (B)(2), a fourth-degree felony because the value of the property was $7,500 or more but less than $150,000. The bill of information further alleged that during the same time period, Wallace committed two counts of forgery in violation of R.C. 2913.31(A)(3) and (C)(1)(b), fifth-degree felonies, by forging signatures of individuals on the union's bank accounts. Wallace pleaded guilty as charged, and the court sentenced him to five years of community control and ordered him to serve 60 days in county jail and to pay a $300 fine, costs of prosecution, and any supervision fees permitted by R.C. 2929.18(A)(4). On July 19, 2017, the court terminated community control early.

{¶3} On July 28, 2020, Wallace moved the court to seal the records in his criminal case pursuant to R.C. 2953.32. At the hearing on the motion, Wallace testified that he is married, and together, he and his wife have four children. Wallace testified that he is a Case Management Coordinator at The Counseling Center, where he has been employed for four years. Wallace's attorney asked whether his convictions had impeded his advancement there, and Wallace testified: "Yes. I had to file for a [certificate of qualification for employment] * * * so I could keep my Medicaid billing number, and I'm trying to move forward with being a counselor -- a licensed counselor in the state of Ohio, and I -- I can't do that with a felony on my record." Wallace testified that in his current position, he supervises case managers and ensures clients are "compliant with their court proceedings * * * and appointments and stuff like that." If his records were sealed, he could "move from a C.D.C.A. to a licensed counselor." "Instead of setting appointments," he would "be counseling" clients and "doing groups for three and a half hours a day with them." Wallace testified that drinking and gambling

contributed to his crimes, but he took "full responsibility" for what he did and had completed community control and his jail sentence, made full restitution, and paid his fine and court costs. He believed that his background would enhance his ability to counsel others on overcoming their mistakes.  A member of the union told the court that the union had "held a vote on Mr. Wallace's case -- what he is asking.  We do not wish him any ill will, but as a union as a whole, desires it to remain open [sic]."  The state conceded that Wallace "would be statutorily eligible to have his record sealed" but objected to the motion to seal because he "violated a position of trust over a period of time, and injured an organization that's based on brotherhood" which "stepped forward today and maintains an opposition to sealing this record."

{¶4}   The trial court denied the motion to seal.  The court found that Wallace was an eligible offender, that he filed his motion to seal more than three years after his final discharge on July 19, 2017, that there was no evidence of pending criminal proceedings against him, and that he had been rehabilitated to the satisfaction of the court.  However, the court found that Wallace's interest in having the records sealed was outweighed by the government's need to maintain the records.  The court stated:

> The Bill of Information filed in this matter alleged that Defendant, while treasurer of the International Association of Fire Fighters, Local 512 (now known as IAFF, Local 9) used his fiduciary position to commit the offenses of Theft and Forgery against IAFF, Local 512.
>
> In a similar case the Second District Court of Appeals reviewed the decision of a trial court that balanced the defendant's interest where:
>
>> "David Hamilton testified he wants the records of this theft conviction sealed in order to enhance his future employment opportunities. The government's need to maintain the record of Hamilton's theft conviction, on the other hand, is premised upon protection of the public's interest and preserving the public's opportunity to be informed about such matters with

respect to persons who may become employed in a fiduciary capacity."

*State v. Hamilton*, 1994 WL 721946 (1994). The Second district declined to find the trial court abused its discretion in denying the motion to seal under the facts of that case. The Courts of Appeals have also recognized the public's right to know as a factor weighing in favor of the government's interest in maintaining the record of conviction. See *State v. Sass*, 2014-Ohio-4745; *State v. J.D.*, 2013-Ohio-4706, citing *State v. Green*, 61 Ohio St.3d 137 (1991). Although not well developed this Court believes this is the essence of the victim's objection to the motion. * * * The victim representative indicated that IAFF, Local 9 held a meeting and voted as a group on whether to oppose or support Defendant's motion. The membership voted to oppose sealing the record of conviction. Although members may have had differing reasons for their vote, it would seem the position of trust that Defendant had with IAFF, and the crime committed by virtue of that position of trust would be a factor which caused the members to want that violation of trust, which resulted in a criminal conviction, to continue as a benefit to the public, and it's [sic] right to know.

The victim's opposition to the motion, however, is not binding on the Court, but rather evidence of one factor for the Court to consider in weighing the government's interest and the Defendant's. The Defendant for his interest has offered his testimony that he wants his conviction sealed to better his employment opportunities. This was offered generally and not specifically, as to employment opportunities he could not obtain.

This Court having considered the competing interests finds that the government's interest in maintaining the record of conviction outweighs the defendant's interest in having the record of conviction sealed.

## II. ASSIGNMENT OF ERROR

{¶5} Wallace presents one assignment of error: "The trial court erred by denying Appellant's Motion to Seal Record of Conviction."

## III. LAW AND ANALYSIS

{¶6} In his sole assignment of error, Wallace contends that the trial court erred when it denied his motion to seal the records of his convictions. Wallace asserts that the trial court abused its discretion when it found that the government's need to maintain the records outweighed his interest in having them sealed. He maintains that the abuse

of discretion standard is less deferential than normal in this context because "appellate courts have determined that the statutory sealing scheme is to be liberally construed, the relief available is to be liberally granted, and it is an abuse of discretion not to do so."  Wallace asserts that the union representative "said nothing of substance," and the state "simply restated" his "now 7-year old criminal conduct."  He asserts that contrary to what the trial court found, he identified a specific employment opportunity that he cannot obtain unless his records are sealed—"a promotion to a fully-licensed counselor."  Wallace notes that he "did not testify that the position he sought involved handling money or would put him in a position of trust with respect to further embezzlement" and asserts that "his employer would already be well aware of his felony conviction and may very well have wished for the sealing of his record in order to promote him."  The state contends that the ordinary abuse of discretion standard applies and that no abuse of discretion occurred in this case.

{¶7}  "A person convicted of a crime has no substantive right to have the record of that conviction sealed."  *State v. V.M.D.*, 148 Ohio St.3d 450, 2016-Ohio-8090, 71 N.E.3d 274, ¶ 13.  "The sealing of the record of a conviction 'is an act of grace created by the state.' "  *Id.*, quoting *State v. Hamilton,* 75 Ohio St.3d 636, 639, 665 N.E.2d 669 (1996).  R.C. 2953.32(A)(1) permits an "eligible offender" to "apply to the sentencing court if convicted in this state, * * * for the sealing of the record of the case that pertains to the conviction" and sets forth when the offender may make his or her application.  If an application is made pursuant to that provision, the court must, among other things, "[w]eigh the interests of the applicant in having the records pertaining to the applicant's

conviction * * * sealed against the legitimate needs, if any, of the government to maintain those records."  R.C. 2953.32(C)(1)(e).  Pursuant to R.C. 2953.32(C)(2):

> If the court determines * * * that the applicant is an eligible offender * * *, that no criminal proceeding is pending against the applicant, *that the interests of the applicant in having the records pertaining to the applicant's conviction * * * sealed are not outweighed by any legitimate governmental needs to maintain those records*, and that the rehabilitation of an applicant who is an eligible offender applying pursuant to division (A)(1) of this section has been attained to the satisfaction of the court, the court * * * shall order all official records of the case that pertain to the conviction * * * sealed * * *.  The proceedings in the case that pertain to the conviction * * * shall be considered not to have occurred and the conviction * * * of the person who is the subject of the proceedings shall be sealed * * *.

(Emphasis added.)

{¶8}  The applicant has the burden to provide the court with evidence sufficient to demonstrate that the applicant's interests in having the records sealed are at least equal to any legitimate governmental needs to maintain the records.  *See State v. A.V.*, 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, ¶ 9.  The trial court must use its discretion in weighing the interests and needs, and we review its resolution of this issue for an abuse of discretion.  *State v. D.D.F.*, 10th Dist. Franklin No. 20AP-10, 2020-Ohio-4663, ¶ 10.  "An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable."  *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9}  Wallace's contention that the abuse of discretion standard is less deferential than normal in this case is not well-taken.  Wallace is correct that the statutes on sealing records must be liberally construed.  "The General Assembly has declared with the enactment of R.C. 2953.31 et seq. that this state is to provide remedial relief to qualified offenders in order to facilitate the prompt transition of these

individuals into meaningful and productive roles." *Barker v. State*, 62 Ohio St.2d 35, 41, 402 N.E.2d 550 (1980). "[T]hese remedial provisions are to be liberally construed to promote their purposes." *Id.* at 42, citing R.C. 1.11 ("Remedial laws and all proceedings under them shall be liberally construed in order to promote their object and assist the parties in obtaining justice").

{¶10} However, " 'courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situation, the courts must give effect to the words utilized.' " *State v. Snowder*, 87 Ohio St.3d 335, 336-337, 720 N.E.2d 909 (1999), quoting *Morgan v. Ohio Adult Parole Auth.*, 68 Ohio St.3d 344, 347, 626 N.E.2d 939 (1994). The plain language of R.C. 2953.32(C)(1)(e) requires the trial court to weigh the interests of the applicant in having records sealed against any legitimate needs of the government to maintain the records. Nothing in R.C. 2953.32(C)(1)(e) or R.C. 1.11 requires that a trial court give greater weight to an applicant's interests than any legitimate needs of the government or that an appellate court give less deference to a trial court's determination of weight if it resulted in the denial of an application to seal.

{¶11} The trial court did not abuse its discretion when it denied Wallace's motion to seal. The court recognized that Wallace "offered his testimony that he wants his conviction sealed to better his employment opportunities." The court stated that "[t]his was offered generally and not specifically, as to employment opportunities he could not obtain." Wallace did testify that he was "trying to move forward with being * * * a licensed counselor in the state of Ohio" and that he could not do that with a felony on his record. And it is not apparent from his testimony that becoming a licensed counselor

would give him an opportunity to commit financial crimes as his union position did. However, Wallace did not offer any evidence about the requirements for becoming a licensed counselor or how he satisfied them or would satisfy them if the court granted his motion. *See generally A.V.,* 9th Dist. Lorain No. 18CA011315, 2019-Ohio-1037, at ¶ 15 ("Generally, evidence about the applicant's career goals and the applicant's efforts to achieve those goals is relevant in weighing the applicant's interest against the government's interest"). He also did not testify that he had no intent to seek a position with financial responsibilities in future. The trial court identified a legitimate need of the government to maintain the records to protect the public by preserving its access to information that Wallace used a position of trust to commit criminal acts. *See generally State v. Sass,* 11th Dist. Trumbull No. 2014-T-0019, 2014-Ohio-4745, ¶ 22-23 (recognizing there is a legitimate governmental need to maintain records when the public has a need to know of the offenses). Potential employers, organizations, and members of the public who might place their trust in Wallace have a need to know of these offenses.

{¶12} The trial court's determination that the government's legitimate need to maintain the records outweighed Wallace's interest in having them sealed was not unreasonable, arbitrary, or unconscionable. Because the trial court did not abuse its discretion when it denied the motion to seal, we overrule the sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**