[Cite as *State v. Jones*, 2024-Ohio-4973.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, CITY OF RAVENNA, | CASE NOS. 2024-P-0020 2024-P-0021 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeals from the Municipal Court, Ravenna Division |
| RICHARD LEE JONES, | Trial Court Nos. 2023 CRB 02161 R 2023 TRD 08716 R |
| Defendant-Appellant. | |

**O P I N I O N**

Decided: October 15, 2024
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Richard Lee Jones*, pro se, 6677 Garfield Road, Ravenna, OH 44266 (Defendant-Appellant).

EUGENE A. LUCCI, P.J.

{¶1} Appellant, Richard Lee Jones, appeals the judgment of the Portage County Municipal Court, Ravenna Division, finding him guilty, after trial to the bench, of Obstructing Official Business, a misdemeanor of the second degree, and Tail Lights/License Plate Light, a minor misdemeanor. We affirm the judgment of the trial court.

**{¶2}** Jones neither ordered a transcript nor submitted an App.R. 9(C) or (D) statement relating to the proceedings. The following facts, therefore, are reflected solely from the filings in the trial court record.

**{¶3}** On September 3, 2023, Jones was operating a vehicle on State Route 44 in Ravenna, Ohio. Jones did not have his rear lights activated and upon observation of this, Deputy Kenneth Romo, of the Portage County Sheriff's Office, conducted a traffic stop. After the stop, Jones produced a "Certificate of an Assumed Name" and a "United States Passport Card" to Deputy Romo. The deputy then asked Jones to step out of the vehicle, which Jones refused stating that he was not required to produce an Ohio Operator's License because he was "traveling."

**{¶4}** After Jones refused to leave the car, Deputy Romo warned Jones that he was obstructing official business. Backup officers arrived on scene, and Deputy Romo then reached into the cracked car window to attempt to open the car from the inside, when Jones "grabbed [the deputy's] hand in an attempt to stop [him] from opening his door." Jones was ultimately cited based upon the traffic violation and his uncooperative behavior during the stop.

**{¶5}** In case no. 2023 TRC 8716 R, the deputy filed a traffic ticket alleging Tail Lights and Illumination of Rear License Plate, in violation of R.C. 4513.05, and, in case no. 2023 CRB 2161 R, a criminal complaint alleging Obstructing Official Business, in violation of R.C. 2921.31(A). Both cases were filed in Portage County Municipal Court, Ravenna Division. Jones proceeded pro se and pleaded not guilty to both charges.

**{¶6}** The cases proceeded to a bench trial, where the State presented its case and Jones represented himself pro se. The trial court found Jones guilty of both charges

2

and ordered a presentence investigation report, which Jones failed to complete. On February 27, 2024, the trial court merged the penalties and sentenced Jones for Obstruction to a fine of $250 and costs and ordered him to serve 90 days in jail, suspending 85 days upon the condition of Jones committing no violation of the law for one year. This appeal followed, and the trial court stayed the entire sentence pending appeal.

{¶7} Jones assigns three errors for this court's consideration. The first two assignments of error are related and provide:

> [1.] Richard L Jones, appellant, represented by Richard-Lee: Jones, Executor and Private Banker of Richard L Jones aka Richard Lee Jones Estate and Trust, do hereby declare in honor and good faith, that the unalienable rights of Richard-Lee: Jones, were violated by Deputy Kenneth Romo, #189, of the Portage County Sheriff's, during the traffic stop for failure to display taillights which ultimately ended up in an arrest.
>
> [2.] Officer Romo also violated Mr. Richard-Lee Jones "Consumer Rights" according to 15 USC 1602(P) 'Unauthorized use means a use of a credit card by a person other than the cardholder', when he forced an unwanted contract by refusing to accept the Mr. Richard-Lee Jones, was traveling as a private Ohioan, and had every right to refuse to show a "driver's license", as he was not conducting commerce. (Sic. throughout.)

{¶8} Under his first two assignments of error, Jones makes a strained legal argument that:

> Private Ohioan, Richard-Lee Jones, Executor and citizen acting in the private, on behalf of RICHARD L[.] JONES, cannot lawfully be tried or convicted of a commercial crime, when acting under the unalienable rights granted at birth and further protected under the United States Constitution and the Holy Bible, in fulfilling the right to travel, unabridged by any government and or official of that said government.

Jones' brief, at p. 3.

3

Case Nos. 2024-P-0020 and 2024-P-0021

{¶9} Jones' central legal argument is "jurisdictional" and appears to focus on the strange idea that there is an important legal distinction between driving and traveling. According to Jones, "driving" is ostensibly a commercial activity or privilege that may be permissibly regulated by the State, but "traveling" is a fundamental right that cannot be infringed upon and no law can turn a fundamental right into a privilege. We find no legal basis for this argument.

{¶10} Initially, App.R. 9 requires that the party challenging the trial court's decision prove the alleged error through references to the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). It is an appealing party's "duty to provide a record of the trial court's proceedings that is necessary for the resolution of his appeal even if, through no fault of the appellant, a verbatim transcript of the proceedings below is unavailable." (Citation omitted.) *Buckley v. Ollila*, 2000 WL 263739, *2 (11th Dist. Mar. 3, 2000). To the extent Jones' arguments rely upon anything that occurred in proceedings before the trial court, this court cannot address the points and must presume regularity. *State v. Sass,* 2014-Ohio-4745, ¶ 19 (11th Dist.) ("Pursuant to App.R. 9, the appellant has a duty to file a transcript of all portions of proceedings necessary for the court to consider the appeal and the failure to do so requires this court to presume the regularity of the proceedings." (Citation omitted.)).

{¶11} Because Jones provided no transcript of proceedings, we have no ability to determine whether he objected to the court's jurisdiction. Generally, the failure to object to a purported error at a time when the court could have avoided or corrected the error means that the appellant forfeits his or her ability to raise the issue on appeal. *Independence v. Office of the Cuyahoga Cty. Executive*, 2014-Ohio-4650, ¶ 30. A

4

challenge to a court's subject matter jurisdiction, however, cannot be waived or forfeited. *State v. Wilson*, 1995-Ohio-217, 46. "A party's failure to challenge a court's subject matter jurisdiction cannot be used, in effect, to bestow jurisdiction on a court where there is none." *Id.* We shall address Jones' jurisdictional claim.

{¶12} "[T]he term 'driving' is not defined in the Revised Code . . . ." *State v. Wilson*, 2022-Ohio-3202, ¶ 14. Such terms, however, should "be given their generally understood meanings." *Shafer v. Glander*, 153 Ohio St. 483, 489 (1950). As such, to "drive," in relevant part, is defined as "'[t]o guide a vehicle[,] . . . to act as driver; also, *to travel* . . . under one's own direction or at one's disposal.'" (Emphasis added.) *Wilson*, 2022-Ohio-3202, at, ¶ 14, quoting *Oxford English Dictionary*.

{¶13} When one drives, in the State of Ohio, one is also traveling. Jones, therefore, identifies a false distinction by suggesting that he was not "driving" when he was stopped, but merely "traveling." His argument lacks merit.

{¶14} We emphasize that other "sovereign citizen," "sovereign individual," or "sovereign nation" arguments challenging a state's jurisdiction have been repeatedly rejected by various courts, including this one. *See State v. Graham*, 2023-Ohio-2728, ¶ 64 (11th Dist.) ("Courts have consistently rejected these assertions and deemed them baseless or frivolous."); *Garfield Hts. v. Foster*, 2016-Ohio-2834, ¶ 9 (8th Dist.) (noting that "[t]his court and other courts have repeatedly rejected the 'sovereign citizen' argument or defense when challenging jurisdiction and have actually characterized such arguments as frivolous"); *State v. Few*, 2015-Ohio-2292, ¶ 6 (2d Dist.), quoting *Dubose v. Kasich*, 2013 WL 164506, *3 (S.D. Ohio Jan. 15, 2013) (sovereign citizen theories "'are meritless and worthy of little discussion'"), *State v. Blacker*, 2009-Ohio-5519, ¶ 7-10 (12th

5

Case Nos. 2024-P-0020 and 2024-P-0021

Dist) (rejecting a defendant's claim that the trial court lacked jurisdiction to try and convict him of criminal defenses because he is a "sovereign man," a "non-resident alien to the Federal United States, the State of Ohio, and Warren County," and holding that "Ohio's Revised Code and any applicable criminal statutes apply to all individuals, regardless of citizenship or nonresident alien status").

{¶15} While Jones was traveling in a vehicle when he was stopped, he was also driving. That is, one who is riding in a moving vehicle is certainly traveling, but when the person is guiding or directing the vehicle from the driver's seat, he or she is clearly driving. Accordingly, Jones was required to meet all legal and administrative requirements for traveling and driving in a vehicle in Ohio. We have no transcript that might provide a basis for disputing the citing officer's observations when Jones was stopped. We shall therefore presume regularity and, as such, hold the trial court did not err in (1) exercising subject-matter jurisdiction over the matter and, (2) convicting Jones of the charged offenses.

{¶16} Jones' first and second assigned errors are without merit.

{¶17} Jones third assignment of error provides:

> Richard L Jones, appellant, represented by Richard-Lee Jones, Executor and Private Banker of Richard L Jones aka Richard Lee Jones Estate and Trust, do hereby declare in honor and good faith, that the unalienable rights were violated according to: The Fourth Amendment to the United States and Ohio Constitutions states '… no[w[arrant[s] shall issue, but upon probable cause…' Ohio Constitution Article I, Sec. 14 provides the identical guarantee as the right of the people that shall not be violated.

(Sic. throughout).

{¶18} Jones' third assignment of error, at least in literal form, challenges the sufficiency of the evidence upon which the officer premised his probable cause to stop.

6

Case Nos. 2024-P-0020 and 2024-P-0021

{¶19} Jones has failed to preserve this issue for appeal. Crim.R. 12(C)(3) requires that motions to suppress evidence be filed with the trial court *before* trial. Crim.R. 12(D) specifically provides that "[a]ll pretrial motions except as provided in Crim.R. 7(E) and 16(M) shall be made within thirty-five days after arraignment or seven days before trial, whichever is earlier." Failure to file a motion to suppress evidence within Crim.R. 12(D)'s time limitation constitutes a forfeiture of that issue on appeal. Crim.R. 12(H); *State v. Chandler,* 2003-Ohio-6037, ¶ 32 (8th Dist.) ("[b]y failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission;") *State v. Stuber,* 2003-Ohio-982, ¶ 10 (3d Dist.); *State v. Wade*, 53 Ohio St.2d 182 (1978), paragraph three of the syllabus, *vacated on other grounds*, 438 U.S. 911 (1978) ; *State v. F.O.E. Aerie 2295*, 38 Ohio St.3d 53 (1988), paragraph two of the syllabus (By failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission.). Jones failed to file a motion to suppress in the trial court in accordance with Crim.R. 12(C)(3) and (D) and, therefore, has forfeited any challenge to the stop's constitutionality for purposes of appeal.

{¶20} Jones' third assignment of error lacks merit.

{¶21} The judgment of the trial court is affirmed.


MARY JANE TRAPP, J.,

ROBERT J. PATTON, J.,

concur.

Case Nos. 2024-P-0020 and 2024-P-0021