[Cite as *Schroeder v. Watson*, 2014-Ohio-711.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Kathleen Schroeder et al., | : | |
| Plaintiffs-Appellees, | : | |
| v. | : | |
| Randall Watson et al., | : | No. 13AP-537 (C.P.C. No. 11CVC-15360) |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| GCB Properties III, Ltd., | : | |
| Defendant-Appellant. | : | |

# D E C I S I O N

## Rendered on February 27, 2014

*Hrabcak & Company, L.P.A., Michael Hrabcak,* and *Benjamin B. Nelson,* for plaintiffs-appellees.

*Kevin O'Brien & Assoc. Co. L.P.A., Kevin O'Brien,* and *Jonathan Layman,* for appellant.

APPEAL from the Franklin County Court of Common Pleas

T. BRYANT, J.

{¶1} Plaintiffs-appellees, Kathleen and James Schroeder, owned and occupied a single-family residence located at 174 Lake Bluff Drive, Columbus, Ohio. Upon relocating to Illinois, the Schroeders decided to keep the property and hired defendant-appellant, GCB Properties III, Ltd., d.b.a. Columbus Real Estate Pros, a property management firm, to procure a suitable tenant. GCB then rented the property to defendants-appellees, Randall and Lisa Watson.

{¶2}   Details of the Watsons' tenancy are not relevant to this appeal; it suffices to say that the rental did not go well from the Schroeders' point of view.  The Schroeders hired a general contractor to repair the substantial damage to the property and sought to recover from GCB and the Watsons.

{¶3}   Their complaint states causes of action against the Watsons for breach of a residential rental agreement and causes of action against GCB for breach of a property management agreement, negligence, and breach of fiduciary duty.  Generally, the claims against GCB rest on allegations that GCB rented the home to the Watsons without screening them to determine whether they were suitable tenants and then failed to react effectively when clear signs of trouble became obvious.

{¶4}   GCB counterclaimed against the Schroeders for an alleged breach of an indemnification provision and an insurance provision found in the property management agreement entered into between the Schroeders and GCB.  GCB filed a motion for summary judgment on these counterclaims. This was denied by the trial court on February 13, 2013.

{¶5}   The matter went to trial before a jury commencing April 28, 2013.  After a five-day trial, the jury returned verdicts in favor of the Schroeders.  On June 19, 2013, the trial court entered judgment, pursuant to the jury verdict, finding the Watsons and GCB jointly and severally liable in the amount of $69,297.06 and GCB additionally liable in the amount of $4,724.25.

{¶6}   The Watsons have not appealed.  GCB has timely appealed and brings the following six assignments of error:

> [I.] THE COURT ERRED BY IMPOSING LIABILITY ON COLUMBUS REAL ESTATE PROS WHEN THE PLAINTIFFS FAILED TO DEMONSTRATE THAT THEIR DAMAGES WERE PROXIMATELY CAUSED BY THE CONDUCT OF COLUMBUS REAL ESTATE PROS.
>
> [II.] THE COURT ERRED BY IMPOSING LIABILITY ON COLUMBUS REAL ESTATE PROS WHEN COLUMBUS REAL ESTATE PROS WAS LEGALLY REQUIRED TO AVOID TRESPASSING IN THE HOME RENTED BY THE WATSONS AND TO ALLOW THE WATSONS THE QUIET ENJOYMENT OF THE RENTAL PROPERTY.

[III.] THE COURT ERRED AS A MATTER OF LAW BY PERMITTING THE PLAINTIFF TO CALL TERRY CARTER AS IF UPON CROSS EXAMINATION AND DENYING COLUMBUS REAL ESTATE PROS AN OPPORTUNITY TO EXAMINE THE WITNESS.

[IV.] THE COURT ERRED AS A MATTER OF LAW WHEN IT DENIED COLUMBUS REAL ESTATE PROS' MOTION FOR JUDGMENT NOT WITHSTANDING THE VERDICT.

[V.] THE COURT ERRED AS A MATTER OF LAW BY ALLOWING FOR DAMAGES FOR UNPAID RENT AFTER THE PROPERTY HAD BEEN TAKEN OFF THE RENTAL MARKET.

[VI.] THE COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO GRANT COLUMBUS REAL ESTATE PROS' MOTION FOR SUMMARY JUDGMENT ON THE INSURANCE AND INDEMNIFICATION PROVISIONS OF THE PARTIES' PROPERTY MANAGEMENT AGREEMENT.

{¶7} Before addressing the merits of the appeal, we have before us two motions. GCB has filed a motion to supplement the record with a partial transcript of proceedings in the trial court. The Schroeders oppose this as untimely and prejudicial. Additionally, the Schroeders have filed a motion to strike partial transcript excerpts attached as an appendix to appellant's brief, on the basis that these are copies of the transcript that was never properly filed as part of the record.

{¶8} Disposition of these motions requires a detailed review of the case's appellate procedural history. The trial court entered final judgment on May 23, 2013. GCB filed its notice of appeal on June 19, 2013. Under the three rubrics of the docketing statement that pertain to the filing of the transcript, GCB checked boxes indicating that no transcript would be requested or filed. On July 5, 2013, the clerk duly issued a notice of filing of the record in the court of appeals indicating that no transcript was included.

{¶9} Based upon the date of filing of the record, GCB's appellate brief was due on July 25, 2013. This was not timely filed. On July 31, 2013, this court issued a failure to prosecute notice granting GCB an additional seven days to file its brief and stating that, absent compliance, the appeal would be dismissed. GCB requested a further extension on August 2, 2013, and we granted an extension through August 22, 2013. No brief was filed

by that date. Finally, on August 23, 2013, GCB filed its appellate brief with an accompanying motion for leave to file instanter, which was granted. Included with this brief was an appendix containing extensive excerpts from the trial transcript, despite the fact that no part of the transcript had yet been filed as part of the record.

{¶10} On August 28, 2013, GCB filed a motion to supplement the record with "the attached transcript of the testimony of Ms. Terry Carter," apparently a reference to the materials provided in the appendix to GCB's brief since no transcribed testimony is attached to the motion itself. We improvidently granted this motion on August 29, 2013, without giving the Shroeders an opportunity to respond. In order to more fully consider the merits of the motion after response from the Shroeders, we vacate our August 29, 2013 entry.

{¶11} The Shroeders filed their appellees' brief on August 29, 2013. Also on August 29, the Schroeders filed their motion to strike. On September 3, GCB filed a motion in this court to supplement the record with a partial transcript. The clerk filed the supplemental record containing excerpts from the transcript on September 11, 2013.

{¶12} For the reasons that follow, the Shroeders' motion to strike is well-taken and granted. GCB's motion to file a partial transcript out of rule is denied.

{¶13} This court will generally strive to decide cases upon the merits. While we will often liberally interpret the rules of appellate procedure to achieve this end, GCB's complete failure to timely fulfill its obligation to furnish the transcript on appeal has materially prejudiced the Schroeders' defense of the appeal. As appellant, GCB bore the burden under App.R. 9(B)(3) of ordering the transcript to the extent that it felt this was necessary to demonstrate error in the trial court. Compounding the error, GCB has now attempted to furnish only a partial transcript without complying with the requirements of App.R. 9(B)(5), which provides the specific procedure for an appellant who intends to file a partial transcript and requires the appellant to file a statement under App.R. 9(B)(5)(a) or (b). As a result, the Schroeders were deprived not only of the use of a properly transmitted transcript in preparing their appellees' brief, but were deprived of the opportunity to request additional parts of the transcript, as was their right under App.R. 9(B)(5) if they deemed necessary.

{¶14} Under App.R. 10(A), "[a]fter filing the notice of appeal the appellant shall comply with the provisions of Rule 9(B) and shall take any other action necessary to enable the clerk to assemble and transmit the record." GCB has not complied with the appropriate appellate rules in prosecuting its appeal, and substantial prejudice has resulted to the Schroeders in defending the appeal. GCB's motion to supplement the record is accordingly denied.

{¶15} Turning to the Schroeders' motion to strike any transcript excerpts that GCB seeks to introduce as an appendix to its brief, this motion is granted. Attaching a photocopy of a transcript to a brief does not fulfill the appellant's obligation to furnish the transcript as part of the record on appeal or comply with the requirements of App.R. 9. *State v. Ishmail*, 54 Ohio St.2d 402, 405 (1978). The appellant may, of course, attach portions of a properly furnished transcript to a brief as a matter of convenience for the court. But where the transcript was never filed as part of the record, appended photocopies are not a means of circumventing the appellant's obligation to furnish the transcript.

{¶16} We now turn to GCB's assignments of error, considering them based upon those portions of the record that are properly before us. GCB's first, second, third, fourth, and fifth assignments of error all essentially attack the weight and sufficiency of the evidence supporting the verdicts. All five assignments of error are explicitly supported in the accompanying argument by references to a transcript that is not properly available to this court upon appeal. "The duty to provide a transcript for appellate review falls upon the appellant." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980). This arises from the fact that it is the appellant's burden to demonstrate error by reference to matters in the record. *Id.*, citing *State v. Skaggs*, 53 Ohio St.2d 162 (1978). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Id.*

{¶17} In the absence of a transcript necessary to support the asserted assignments of error, we must overrule GCB's assignments of error that require reference to evidentiary matters found in the transcript. GCB's first, second, third, fourth, and fifth

assignments of error are accordingly overruled. *Runyon v. Nolan*, 10th Dist. No. 12AP-180, 2012-Ohio-5303, ¶ 9.

{¶18} GCB's sixth assignment of error asserts the trial court erred in denying summary judgment. "Any error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there existed genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made." *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150 (1994), syllabus. GCB may not, therefore, appeal from the trial court's denial of summary judgment because the later jury verdict demonstrates that there remained genuine issues of material fact on the issues raised in the motion for summary judgment. GCB's sixth assignment of error is overruled.

{¶19} In summary, the Schroeders' motion to strike is granted. GCB's motion to supplement the record with a partial transcript is denied. GCB's six assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas in favor of the Schroeders is affirmed.

*Motion to strike granted;*
*motion to supplement denied;*
*judgment affirmed.*

TYACK and KLATT, JJ., concur.

T. BRYANT, J., retired, formerly of the Third Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).

_____