[Cite as *State v. Meyers*, 2015-Ohio-4238.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **PER CURIAM OPINION** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2015-G-0005,** |
| | | **2015-G-0006,** |
| | | **and 2015-G-0007** |
| ROBERT A. MEYERS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Chardon Municipal Court, Case Nos. 2014 CRB 00542, 2014 CRB 00970 and 2014 TRC 03479.

Judgment: Affirmed.

*James M. Gillette*, Chardon Village Law Director, PNC Bank Building, 117 South Street, #208, Chardon, OH 44024 (For Plaintiff-Appellee).

*Robert A. Meyers*, pro se, 15150 Kinsman Road, Middlefield, OH 44062 (Defendant-Appellant).

PER CURIAM

{¶1} Defendant-appellant, Robert A. Meyers, appeals from his convictions and sentences for Operating a Vehicle While Under the Influence (OVI), Criminal Damaging, and an Open Container violation in the Chardon Municipal Court. The issues to be determined by this court are whether witness testimony must be excluded when a witness list was provided to the defendant two days before trial and whether *Brady* violations occur when no specific evidence is shown to have been withheld. For the following reasons, we affirm the judgment of the trial court.

**{¶2}** On June 15, 2014, a Complaint was filed in Case No. 2014 CRB 00542 in the Chardon Municipal Court, charging Meyers with having an open container of alcohol while operating a motor vehicle, in violation of R.C. 4301.62(B)(4), a misdemeanor of the fourth degree. On the same date, he was issued a traffic ticket for OVI, in violation of R.C. 4511.19(A)(1)(a) and (A)(2) (Case No. 2014 TRC 03479).

**{¶3}** On October 3, 2014, a Complaint was filed in Case No. 2014 CRB 00970, charging Meyers with Criminal Damaging, in violation of R.C. 2909.06, a misdemeanor of the second degree, alleging that, on June 15, 2014, Meyers "damaged the Chardon Police Department Cruiser."

**{¶4}** Meyers filed Requests for Discoveries [sic] on various dates in each of the three cases, requesting, inter alia, the names of potential witnesses who may have made a complaint regarding the incident leading to the present charges. He later filed Supplemental Requests for Discovery.

**{¶5}** On November 4, 2014, an Amended Order was filed in each of the cases, setting the matters for a trial management conference on December 9, 2014, and requiring that a witness list be submitted at that time. On December 9, the State filed Jury Trial Management Statements, including the names of the following witnesses: "Custodian of Records, Chardon PD, Officers Byron Childs and Jason Bryant, Chardon PD; Jeanette Stone and Jill Kostur." Also listed were probable exhibits.

**{¶6}** Meyers filed Motions in Limine in two of the cases on December 11, 2014, arguing that the court should strike each of the witnesses since it was unreasonable to provide a witness list two days before the trial. These Motions were denied.

2

{¶7}   A trial was held on all three cases on December 11, 2014.[1]

{¶8}   On that date, the jury issued its verdict, finding Meyers guilty of the Open Container violation, OVI in violation of R.C. 4511.19(A)(1)(a), and Criminal Damaging. This verdict was further memorialized in Orders filed by the court on January 9, 2015. The charge under R.C. 4511.19(A)(2) was dismissed.

{¶9}   On December 30, 2014, Meyers was ordered to pay a $100 fine on the Open Container violation. For the OVI, Meyers was sentenced to serve 180 days in jail, with 155 suspended, two years of probation, and pay a $525 fine. For Criminal Damaging, Meyers was sentenced to 90 days in jail, with 80 suspended, to be served concurrently with the OVI, as well as two years of concurrent probation. [2]

{¶10}  Meyers filed Motions to Stay Trial Court Judgment Entry on January 21, 2015. On February 3, 2015, the court ordered his sentences stayed pending appeal.

{¶11}  Meyers timely appeals and raises the following assignments of error:

{¶12}  "[1.] The trial court committed clear error, was bias[ed], and held a trial by ambush upon the Appellant by allowing the Appellee to submit a witness list 46 hours before the jury trial hearing. A reasonable person or attorney could not secure rebuttal witness [sic] in such a[n] unreasonable amount of time, especially through the use of a subpoena.

{¶13}  "[2.] In assignment of error two the issue is clear that the trial court allowed testimony and evidence that is required to be inadmissible because of the 'trial by ambush' when the trial judge permitted the Appellee to submit a substantially late expert and lay witness list less than two days before trial thereby violating this

1. A transcript of that trial is not properly before this court, an issue that will be addressed below.
2. Separate Judgments were filed on January 16, 2015, and February 3, 2015, stating the same sentences.

3

Appellant's State and U.S. Constitutional fundamental right to due process and equal protection from the law a very colorable deprivation of the law [sic].

{¶14} "[3.] The issue in assignment of error three is clear that the Appellee did not conform to clearly established court rules of disclosure, nor [its] continuing duty to disclose those discoveries and a clear *Brady violation*.

{¶15} "[4.] The issue in assignment of error four is clear that 'Corpus Delicti' was never proven for the clear reason that absolutely no evidence was provided to the jury of any alcohol being involved in the alleged incident whatsoever, this also conflicts with State and U.S. Supreme Court binding precedent about this very subject matter.

{¶16} "[5.] The issue in assignment of error five is so brazen that at first it is not believable; the trial court allowed an expert witness to testify at sentencing that did not show up at the jury trial for whatever reason, and moreover was not on the expert witness list to testify about the alleged damage done to the Chardon Police vehicle, and yet another clear *Brady violation* has a cured [sic]."

{¶17} As an initial matter, we note that no transcript of the trial was properly filed. "Pursuant to App.R. 9, the appellant has a duty to file a transcript of all portions of proceedings necessary for the court to consider the appeal and the failure to do so requires this court to presume the regularity of the proceedings." *State v. Sass*, 11th Dist. Trumbull No. 2014-T-0019, 2014-Ohio-4745, ¶ 19. *Also* App.R. 9(B)(3) ("[t]he appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court"). Nothing in the record indicates either that Meyers filed a copy of the transcript order or the transcript itself in the trial court.

{¶18} While Meyers did attach a copy of the trial transcript to his appellant's brief, it has been held by multiple appellate districts that this is not sufficient to make the

4

transcript part of the record. *Schroeder v. Watson*, 10th Dist. Franklin No. 13AP-537, 2014-Ohio-711, ¶ 15, citing *State v. Ishmail*, 54 Ohio St.2d 402, 405, 377 N.E.2d 500 (1978) ("[a]ttaching a photocopy of a transcript to a brief does not fulfill the appellant's obligation to furnish the transcript as part of the record on appeal or comply with the requirements of App.R. 9"); *State v. McGee*, 7th Dist. Mahoning No. 12 MA 123, 2013-Ohio-4165, ¶ 12 (a copy of a transcript attached to a brief is not part of the record when it lacks a file stamp); *State v. Alford*, 3rd Dist. Seneca Nos. 13-94-43 and 13-94-44, 1995 Ohio App. LEXIS 2552, 4 (June 2, 1995). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). To the extent that the arguments Meyers raised do not rely on the transcript, they will be addressed.

{¶19} In his first and second assignments of error, Meyers argued that his rights were violated when the State did not disclose the witnesses/witness list until two days before trial and that the court abused its discretion by allowing the witnesses to testify.

{¶20} Where it is claimed that the prosecutor has violated Crim.R. 16 and/or a discovery order of the trial court, the court's response to the alleged violation, including whether to exclude material sought to be introduced as evidence, is reviewed under an abuse of discretion standard. *State v. Wilson*, 192 Ohio App.3d 189, 2011-Ohio-155, 948 N.E.2d 515, ¶ 54 (11th Dist.); Crim.R. 16(L)(1).

{¶21} Here, Meyers takes issue with allowing witnesses to testify when he allegedly did not know their identity until two days prior to trial. Under Crim.R. 16(I), "[e]ach party shall provide to opposing counsel a written witness list, including names

5

and addresses of any witness it intends to call in its case-in-chief, or reasonably anticipates calling in rebuttal or surrebuttal."

**{¶22}** Initially, we note that Crim.R. 16(I) does not provide a timeframe within which the witness list must be provided. We recognize that disclosure two days prior to trial is a short length of time, as well as note that the addresses of the witnesses were not included on the list filed by the State. Under the circumstances of this case, however, we do not find that the court erred in allowing the witnesses to testify over Meyers' objections.

**{¶23}** Even presuming that the State violated the foregoing requirement, "[t]he testimony of an undisclosed state's witness may be admissible, notwithstanding the state's discovery violation, if the state's failure to provide discovery was not willful, foreknowledge of the testimony would not have benefited the defendant in preparation of his defense, and the defendant was not prejudiced by admission of the evidence." *State v. Dye*, 11th Dist. Trumbull No. 94-T-5096, 1995 Ohio App. LEXIS 4459, 9 (Oct. 6, 1995).

**{¶24}** Although Meyers states that he was prejudiced due to the inability to obtain rebuttal witnesses, we do not find such prejudice. Meyers was aware of the witnesses, to at least some extent, from the discovery that had been provided in response to his requests. Meyers, in his Supplemental Requests for Discovery, asked for "the current mailing address * * * of the witness to the alleged incident Jill Kasnaeur [sic] as [it] was not supplied in the original discoveries request," evidencing the fact that witness names were being disclosed to him.[3]

---

3. Although Meyers spelled the name incorrectly in his Supplemental Request, given the limited number of witnesses, it appears he is referencing Jill Kostur, who was on the witness list and testified at trial.

6

{¶25} The police officer testimony also could not have been surprising, given that Meyers necessarily interacted with officers when he committed the offenses in question and that Officer Bryant's name was on both the OVI ticket and other court filings. It should have been similarly obvious that a witness may testify to present records such as 911 calls or police radio traffic. *See State v. Reed*, 11th Dist. Trumbull No. 2004-T-0117, 2005-Ohio-6901, ¶ 23 ("defense counsel cannot claim surprise" since he "could have easily anticipated that the State would present some witnesses for the purpose of laying a foundation for the admission of the State's physical evidence"). It is also unclear how prejudice resulted from being unable to obtain defense witnesses, since they could not dispute the witnesses' statements regarding erratic driving. If such a witness existed, Meyers likely would have called them, regardless of whether he knew the names of those who would testify against him.

{¶26} In addition, the willfulness of the prosecution's conduct is questionable since, although the addresses were not disclosed, the witnesses' names were given prior to trial on a date in compliance with the court's order.

{¶27} At trial, Meyers argued to the court, in his Motion in Limine, essentially a motion to compel compliance with Crim.R. 16, only that the witnesses should have been excluded from testifying. Even if the timing of disclosure of witnesses was viewed as potentially harmful to Meyers, other, less severe sanctions, such as a continuance, would have been more appropriately requested and received. *Dye*, 1995 Ohio App. LEXIS 4459, at 10-11 (the court properly permitted a witness to testify when the defendant "did not request a continuance or any other remedy which indicated that he was unprepared to proceed with his cross-examination of [a witness]" and "sought only exclusion of the evidence, the most serious sanction provided by [former] Crim.R.

7

16(E)(3)"); *also Lakewood v. Papadelis*, 32 Ohio St.3d 1, 511 N.E.2d 1138 (1987), paragraph two of the syllabus (a trial court "must impose the least severe sanction that is consistent with the purpose of the rules of discovery"). Meyers did not request a continuance from the trial court.

{¶28} While Meyers argues that the failure to disclose testimony many days ahead of the trial implicates various constitutional rights, including his right to due process and equal protection, as discussed above, the witness testimony was properly permitted and, thus, no rights were violated.

{¶29} Meyers also asserts under his second assignment of error that an "expert witness" (presumably a police officer) who testified could not identify the percentage of alcohol present in Meyers' body at the time of the offense and that the State failed to prove a prior OVI conviction for the purposes of meeting the elements of R.C. 4511.19(A)(2).

{¶30} Meyers fails to recognize the offenses for which he was convicted. The charge under R.C. 4511.19(A)(2) was dismissed and, thus, there was no need for the State to prove any elements of that crime. In addition, Meyers was not convicted of OVI under R.C. 4511.19(A)(1)(b)-(i), where the concentration of alcohol in the defendant's blood is an element of the offense, but was instead convicted of OVI under R.C. 4511.19(A)(1)(a), which does not include this element, but only that the defendant was "under the influence of alcohol."

{¶31} The first and second assignments of error are without merit.

{¶32} In his third assignment of error, Meyers argues that there was a *Brady* violation, due to the deprivation of "expert and lay witness list discoveries."

{¶33} Pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), "[t]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. "[A] *Brady* violation * * * involves the post-trial discovery of information that was known to the prosecution, but unknown to the defense." *State v. Beaver*, 11th Dist. Trumbull No. 2011-T-0037, 2012-Ohio-871, ¶ 45, citing *State v. Wickline*, 50 Ohio St.3d 114, 116, 552 N.E.2d 913 (1990), citing *United States v. Agurs*, 427 U.S. 97, 103, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).

{¶34} The circumstances of this case do not constitute a *Brady* violation. Meyers describes no information that the prosecution had and withheld from him. The fact that he does not agree with the timing of when the witnesses were disclosed to him does not mean that information was suppressed. Meyers received the names of the witnesses prior to trial and they were obviously present during the trial, at which time their identities were clear. Meyers describes no other evidence he believed was not disclosed prior to or at trial that would give rise to a *Brady* violation.

{¶35} The third assignment of error is without merit.

{¶36} In his fourth assignment of error, Meyers argues that there was no "actual evidence of intoxication" presented at trial. As described above, Meyers failed to file a transcript that can be used to properly consider the trial testimony.

{¶37} Even if we were to consider the transcript attached to the brief, it cannot be said that there was no evidence of intoxication. As noted above, no physical test was required to convict Meyers of the OVI offense at issue. Further, there was testimony presented at trial of Meyers' erratic driving and behavior, his slurred speech,

and the odor of alcohol on his person.  It cannot be claimed that this did not constitute evidence of intoxication.

{¶38}  The fourth assignment of error is without merit.

{¶39}  In his fifth assignment of error, Meyers argues that the court erred when it allowed an "expert witness" to testify regarding damages at the sentencing hearing who did not testify at the jury trial.

{¶40}  Meyers has filed no transcript of the sentencing hearing.  Without the ability to review the record of that hearing, it is impossible to review who testified, what his testimony was, or whether it was permissible.

{¶41}  Regardless, Meyers fails to cite to any case law that prohibits an individual from making a statement regarding damages/restitution at a sentencing hearing when he did not testify at the trial.  Proof of the value of the item damaged was not required for Meyers' conviction for Criminal Damaging and the statute permitting restitution does not state that evidence of damages must be presented at the trial.  *See* R.C. 2929.28.

{¶42}  The fifth assignment of error is without merit.

{¶43}  For the foregoing reasons, Meyers' convictions and sentences for OVI, Criminal Damaging, and an Open Container violation in the Chardon Municipal Court, are affirmed.  Costs to be taxed against appellant.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, CYNTHIA WESTCOTT RICE, J., concur.