[Cite as *State v. Justice*, 2022-Ohio-87.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                          :

      Plaintiff-Appellee,                    :

                                               No. 21AP-253

v.                                                      :          (C.P.C. No. 20CR-3470)

Monica Greer Justice,                                   :          (ACCELERATED CALENDAR)

      Defendant-Appellant.                   :

D E C I S I O N

Rendered on January 13, 2022

**On brief:** *G. Gary Tyack,* Prosecuting Attorney, and *Michael P. Walton*, for appellee.

**On brief:** *Monica Greer Justice*, pro se.

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Monica Greer Justice, a.k.a Lotus Justice, a.k.a Lotus Tindall, a.k.a Monica Tindall, appeals from the April 19, 2021 judgment of the Franklin County Court of Common Pleas finding her to be incompetent to stand trial but restorable within one year and committing her to the custody of Twin Valley Behavioral Health for inpatient treatment.

{¶ 2} Appellant asserts 13 assignments of error for this court's review, but several of those alleged errors relate to a judgment order from another division of the Franklin County Common Pleas Court from which she has not appealed. As the plaintiff-appellee, State of Ohio, has observed in responding to the appellant's brief, "the only order of the trial court that could be at issue in this appeal is the journal entry finding her presently incompetent to stand trial and ordering treatment." (Appellee's Brief at 6.) This court lacks jurisdiction to review assignments of error that relate to orders from which no appeal has

been taken—our authority is limited to reviewing "assignments of error stemming only from the judgment subject of the notice of appeal." *State v. Thompkins*, 10th Dist. No. 07AP-74, 2007-Ohio-4315, ¶ 7, citing App.R. 3(D). Appellant's second, third, fourth, and fifth assignments of error relate exclusively to the validity and application of an order issued by the Probate Division of the Franklin County Court of Common Pleas, and her thirteenth assignment of error relates exclusively to the sealing of a search warrant by the Franklin County Municipal Court. Because appellant has not filed an appeal from either court, we cannot consider those alleged errors.

{¶ 3} Similarly, several of appellant's remaining assignments of error relate to preliminary decisions by the Franklin County Court of Common Pleas—her first assignment of error challenges the trial court's refusal to accept a "demurrer plea" she attempted to enter at her arraignment, her ninth assignment of error asserts that she has been denied her right to a speedy trial, her eleventh assignment of error asserts that the trial court improperly found her to be indigent, and her twelfth assignment of error asserts that her mail, access to visitors, and ability to file legal documents have been limited during her incarceration. These arguments both relate to orders that are plainly nonfinal and do not give rise to a right to appeal as well as to questions upon which the trial court has yet to issue rulings. We cannot consider such questions either, as they may be subject to further determination by the trial court. *See generally* Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2505.02(B).

{¶ 4} But even if we considered those questions alongside appellant's fundamental challenge to the trial court's determination of her incompetence set forth in her sixth, seventh, eighth, and tenth assignments of error, we can find no error. Appellant has failed to ensure that a transcript has been prepared and filed for this court's review. Pursuant to App.R. 9(B)(3), the appellant has a mandatory obligation to order the transcript in writing and to file a copy of the transcript order with the clerk of the trial court, and pursuant to App.R. 10(A), the appellant is required to "take any other action reasonably necessary to enable the clerk to assemble and transmit the record."

{¶ 5} It is the unwavering rule in this state that absence of a required transcript requires reviewing courts to presume the regularity of the proceedings under review. In *Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist.1987), we held as follows:

> The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court.

(Internal citations omitted.) *Id.* at 68-69. Here, we must follow the same rule and reach the same result. Appellant's failure to ensure that a transcript is available for this court's review compels us to overrule all of her alleged errors and accept the trial court's judgment as within its discretion. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of the Ohio Constitution, Article IV, Section 6(C).

_____