**[Cite as *Hinkle v. Right Way Heating & Cooling, L.L.C.*, 2022-Ohio-1649.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| James Hinkle, | : | |
| Plaintiff-Appellant, | : | No. 21AP-665 |
| | | (C.P.C. No. 20CV-7264) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Right Way Heating and Cooling, LLC, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on May 17, 2022

**On brief:** *James Hinkle,* pro se. **Argued:** *James Hinkle.*

**On brief:** *Cook Sladoje & Wittenberg Co., L.P.A.,* and *Eric J. Wittenberg*, for appellee. **Argued:** *Eric J. Wittenberg.*

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, P.J.

{¶ 1}  Plaintiff-appellant, James Hinkle, appeals from a judgment of the Franklin County Court of Common Pleas in his favor, and against defendant-appellee, Right Way Heating and Cooling, LLC ("Right Way"), for nominal damages as to Hinkle's trespass claim against Right Way.  For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}  In November 2020, Hinkle filed a complaint against Right Way for trespassing on his property.  Right Way moved to dismiss this claim, which was denied. After the dispositive motion deadline passed, Right Way moved for leave to file a summary judgment motion.  The trial court denied Right Way's motion for leave and set the case for a bench trial.  The trial was held as scheduled, and the court entered final judgment in favor of Hinkle.  The trial court awarded $30 to Hinkle as nominal damages for Right Way's

trespass on Hinkle's property, and thus it declined to award actual or punitive damages for that property right violation.  The trial court record on appeal does not contain a transcript of the bench trial.

{¶ 3}  Hinkle timely appeals.

## II.  Assignment of Error

{¶ 4}  Hinkle assigns the following error for our review:

> Courts/Improper Admission/Exclusion of Exhibits. Now I am reintroducing my exhibit, as somehow my exhibit came up missing even though they were accepted by the court on 11-30-2020.

(Sic passim.)

## III.  Discussion

{¶ 5}  We construe Hinkle's sole assignment of error as alleging the trial court erred in not admitting his exhibit into evidence at the bench trial.  He contends that if the trial court had considered this exhibit, it would have awarded him actual and punitive damages.  Thus, he argues the trial court's nominal damages award of $30, for Right Way's trespass on his property, was inadequate.  This assignment of error is not well-taken.

{¶ 6}  "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial." *Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, ¶ 13.  The appellant has the duty to ensure the record on appeal is complete. *Heinrichs v. 356 Registry, Inc.*, 10th Dist. No. 15AP-532, 2016-Ohio-4646, ¶ 68. Thus, an appellant must "ensure that a transcript has been prepared and filed for this court's review." *State v. Justice*, 10th Dist. No. 21AP-253, 2022-Ohio-87, ¶ 4; *see* App.R. 9. If a transcript is unavailable, an appellant may "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection," pursuant to App.R. 9(C), or submit a joint statement of the case pursuant to App.R. 9(D). *See* App.R. 9(B)(4).  "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled." *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus.

{¶ 7}  Determining the merit of Hinkle's assigned error requires our review of the bench trial transcript, or an acceptable alternative, because the assigned error relates to the exclusion of evidence at trial.  Hinkle essentially argues that if the trial court had admitted

and reviewed a photograph that he took of a person precariously reaching out the second story window of a house, in conjunction with other exhibits concerning property boundaries, it would have been compelled to award substantially more damages. But the record contains no bench trial transcript, or an acceptable alternative to a transcript, enabling our review of the trial court's actions at trial concerning any such evidence. Instead of ensuring the bench trial transcript is properly before us for this review, Hinkle simply attached a copy of the bench trial transcript to his reply brief. This action did not make that copy part of the record on appeal, as statements in an appellate brief, or attachments thereto, are not part of the record in determining the appeal. *Cashlink, LLC v. Mosin, Inc.*, 10th Dist. No. 12AP-395, 2012-Ohio-5906, ¶ 8. Although an appellant may attach portions of "a properly furnished transcript to a brief as a matter of convenience for the court," attaching a "photocopy of a transcript to a brief does not fulfill the appellant's obligation to furnish the transcript as part of the record on appeal or comply with the requirements of App.R. 9." *Schroeder v. Watson*, 10th Dist. No. 13AP-537, 2014-Ohio-711, ¶ 15. "[W]here the transcript was never filed as part of the record, appended photocopies are not a means of circumventing the appellant's obligation to furnish the transcript." *Id.* Therefore, Hinkle failed to meet his obligation of properly furnishing the bench trial transcript, or an acceptable alternative, that would enable this court to review any trial court ruling relating to any exhibits he sought to introduce into evidence. Consequently, we conclude that Hinkle has failed to demonstrate trial court error.

{¶ 8} Further, even if the bench trial transcript was properly before us for review, it does not support Hinkle's assigned error. Hinkle alleges the trial court, in hearing his trespass case against Right Way, erred in not considering the photograph of the person reaching out the house window. But the transcript he submitted demonstrates the trial court expressly inquired as to whether he, or Right Way, had any photographs or other exhibits for its consideration, and neither party offered any exhibits into evidence. Thus, Hinkle cannot demonstrate the trial court erred in not considering an exhibit that was not even offered into evidence.

{¶ 9} For these reasons, we overrule Hinkle's sole assignment of error.

## IV. Disposition

{¶ 10} Having overruled Hinkle's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

JAMISON and NELSON, JJ., concur.

NELSON, J., retired, formerly of the Tenth Appellate District,
assigned to active duty under authority of Ohio Constitution,
Article IV, Section 6(C).

————————————