[Cite as *Daniels v. Friend*, 2023-Ohio-2814.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

DAVID MATTHEW DANIELS,

    PLAINTIFF-APPELLEE,           CASE NO. 9-23-17

    v.

KASEY FRIEND,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
Family Court
Trial Court No. 2022 PC 0155

**Judgment Affirmed**

**Date of Decision: August 14, 2023**

APPEARANCES:

    *Kasey Friend*, Appellant

    *Hillary Santiago-Burgos* for Appellee

**WALDICK, J.**

{¶1} Mother-appellant, Kasey Friend ("Mother"), brings this appeal from the March 1, 2023, judgment of the Marion County Common Pleas Court, Family Division, naming father-appellee, David Daniels ("Father"), as residential parent and legal custodian of the parties' child, H.D.[1] For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On October 28, 2022, Father filed a complaint for allocation of parental rights and responsibilities of the parties' child. The case proceeded to a final hearing on the merits on February 9, 2023; however, no transcript of the hearing was provided.[2] According to the trial court's final judgment entry, Father testified at the final hearing and presented the testimony of numerous witnesses. Mother, proceeding pro se, testified on her own behalf but did not call any witnesses.

{¶3} On March 1, 2023, the trial court rendered its final judgment entry naming Father as residential parent and legal custodian of H.D. It is from this judgment that Mother appeals, asserting the following assignments of error for our review.

---

[1] H.D. was born in June 2021.

[2] Mother filed a motion in this Court, rather than the trial court, requesting a transcript at State expense. We denied the motion, noting that the request should have gone to the trial court, and, in any event, noting that Mother was not entitled to a non-paid transcript here; generally, in a private custody matter, a parent is not entitled to a transcript at State expense. *State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 1994-Ohio-130.

**First Assignment of Error**

**The lower court abused its discretion by failing to consider evidence of domestic violence in determining the best interests of the child, in violation of Ohio Revised Code section 3109.04(F)(1)(f) in the final appealable order.**

**Second Assignment of Error**

**The trial court erred in failing to consider newly discovered evidence, which shows that the plaintiff and father unlawfully restrained the defendant and child, resulting in the plaintiff's plea to an amended charge or disorderly conduct.**

{¶4} Due to the nature of the disposition, we will address the assignments of error together.

*First and Second Assignments of Error*

{¶5} In her assignments of error, Mother argues that the trial court failed to consider evidence of domestic violence and failed to consider newly discovered evidence when it ordered Father to be legal custodian and residential parent of H.D.

{¶6} In our attempt to review Mother's arguments, we emphasize that while Mother has provided her version of events in her brief, we do not have a transcript of the final hearing, or anything else *in the record* to substantiate her claims. Her statements in her brief and the attachments thereto are not part of the record. *Hinkle v. Right Way Heating and Cooling, LLC.*, 10th Dist. Franklin No. 21AP-665, 2022-Ohio-1649, ¶ 7.

**{¶7}** As to not filing a transcript, the appellant has the duty to ensure the record on appeal is complete. *Terell v. Morgan Furniture*, 11th Dist. Trumbull No. 2022-T-0033, 2022-Ohio-3981, ¶ 20. Thus, an appellant must "ensure that a transcript has been prepared and filed for this court's review." *State v. Justice*, 10th Dist. Franklin No. 21AP-253, 2022-Ohio-87, ¶ 4; *see* App.R. 9. If a transcript is unavailable, an appellant may "prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection," pursuant to App.R. 9(C), or submit a joint statement of the case pursuant to App.R. 9(D).[3] "Where a party to an appeal fails to file portions of the transcript necessary for resolution of his assignments of error, the assignments will be overruled." *Maloney v. Maloney*, 34 Ohio App.3d 9 (11th Dist.1986), syllabus; *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).

**{¶8}** Here, our record contains some pretrial filings but nothing that would support Mother's case for reversal. Absent a transcript, Mother cannot demonstrate the error of which she complains. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume

---

[3] To be clear, this was not done here.

the validity of the lower court's proceedings, and affirm."). For these reasons, Mother's assignments of error are overruled.[4]

*Conclusion*

{¶9}   Having found no error prejudicial to Mother in the particulars assigned and argued, her assignments of error are overruled and the judgment of the Marion County Common Pleas Court, Family Division, is affirmed.

*Judgment Affirmed*

**WILLAMOWSKI and ZIMMERMAN, J.J., concur.**

**/jlr**

---

[4] Mother's assertions in her second assignment of error that issues occurred after the first hearing are also more properly directed to the trial court and cannot be considered for the first time on appeal.