[Cite as *In re Adoption of V.C.*, 2025-Ohio-1887.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HANCOCK COUNTY

IN RE: THE ADOPTION OF:

    V.C.

[BREYANNEA W. - APPELLANT]

CASE NO. 5-24-37

OPINION AND
JUDGMENT ENTRY

**Appeal from Hancock County Common Pleas Court
Probate Division
Trial Court No. 2024 AD 0003**

**Judgment Affirmed**

**Date of Decision: May 27, 2025**

**APPEARANCES:**

    *W. Alex Smith* **for Appellant**

    *Jeffrey J. Whitman* **for Appellee**

**WALDICK, P.J.**

{¶1} Respondent-appellant, Breyannea W. ("Breyannea"), appeals the September 3, 2024 judgment of the Hancock County Common Pleas Court, Probate Division, in which the trial court determined that Breyannea's consent was not required for the adoption of her minor daughter, "V.C.", by V.C.'s stepmother. For the reasons set forth below, we affirm.

*Procedural Background*

{¶2} On March 26, 2024, petitioner-appellee, Kayla C. ("Kayla"), filed a petition in the probate court pursuant to R.C. 3107.05 for adoption of V.C., who was born in 2018 and is the biological daughter of Kayla's husband, Jacob C. ("Jacob"), and Breyannea.

{¶3} The petition asserted that Jacob's consent to the adoption was required, and a written consent to the adoption signed by Jacob was filed with the petition.

{¶4} The petition further asserted that Breyannea's consent was not required for the adoption. Specifically, the petition alleged that Breyannea had failed without justifiable cause to provide more than de minimis contact with the child for a period of at least one year immediately preceding the filing of the adoption petition, and also that Breyannea had failed without justifiable cause to provide for the maintenance and support of the child as required by law or judicial decree for at least that same time frame.

{¶5} On April 9, 2024, the probate court filed a notice of hearing on petition for adoption, notifying Breyannea that the petition had been filed on March 26, 2024, and setting a hearing on the petition for July 22, 2024. The notice of hearing further included a notification to Breyannea that if she wished to contest the adoption, she must file an objection to the petition within fourteen days after proof of service of notice of the filing of the petition. The certificate of service included with that notice of hearing reflected that service of the notice was being made on Breyannea by certified mail, at the Ohio Reformatory for Women in Marysville, Ohio. A United States Post Office return receipt was then filed in the case on April 22, 2024, reflecting that the notice sent via certified mail to Breyannea had been delivered.

{¶6} On May 3, 2024, an attorney with the Hancock County Public Defender's Office filed a notice of counsel, reflecting that he was representing Breyannea in the adoption case.

{¶7} On July 9, 2024, the probate court filed a judgment entry ordering that the previously scheduled adoption hearing be continued until September 3, 2024.

{¶8} On August 18, 2024, Breyannea filed a motion seeking leave of court to object to the adoption beyond the 14-day time limit prescribed by then R.C. 3107.07(K). That motion asserted that Breyannea is an inmate at the Ohio Reformatory for Women, and represented that on or about May 3, 2024, Breyannea

had written the court after the 14-day period in an effort to note her objection to the adoption and also to seek counsel.[1]

{¶9} On August 28, 2024, the probate court filed a judgment entry denying Breyannea's motion for leave to file an untimely objection, finding that the motion provided no basis for waiving the statutory time requirement.

{¶10} On September 3, 2024, a hearing was held on the issue of whether Breyannea's consent was required for the adoption. On that same date, following the hearing, the trial court filed a judgment entry finding that Breyannea's consent was not required. The trial court's decision was based on three different reasons: (1) that Breyannea had failed to file a timely written objection to the adoption petition as required by statute; (2) that Breyannea had failed without justifiable cause to have more than de minimis contact with V.C. for the one-year period immediately preceding the filing of the adoption petition; and (3) that Breyannea had failed without justifiable cause to provide maintenance and support for V.C. during that same one-year period. Upon finding that Breyannea's consent was not required, the trial court ordered that the matter be continued for further hearing on the petition to adopt.

{¶11} On September 9, 2024, Breyannea filed the instant appeal of the probate court's September 3, 2024 decision, and raises one assignment of error for our review.

---

[1] We note that no such communication from Breyannea is contained in the trial court's docket.

## Assignment of Error

**The trial court erred in determining that any failure by mother to have de minimus [*sic*] contact with V.C. was without justifiable cause.**

{¶12} In the sole assignment of error, Breyannea argues that the trial court erred in determining that her consent to the adoption was not required. Specifically, while not precisely set forth in the phrasing of the assignment of error, Breyannea challenges the trial court's findings that her consent to the adoption was not required on the bases that, for the one-year period preceding the filing of the adoption petition, Breyannea had failed without justifiable cause to have more than de minimis contact with V.C. and had failed without justifiable cause to provide maintenance and support for V.C. In support of those claims of error, Breyannea appears to concede that she failed to have contact with V.C. and failed to provide support for V.C. during the timeframe at issue. However, Breyannea argues that her failures in those respects were not without justifiable cause.

{¶13} "[T]he right of a natural parent to the care and custody of his children is one of the most precious and fundamental in law." *In re Adoption of Masa*, 23 Ohio St.3d 163, 165 (1986). "Under most circumstances, both of a minor's natural parents must provide written consent prior to the adoption of that minor." *In re Adoption of S.S.*, 2017-Ohio-8956, ¶ 16 (3d Dist.).

{¶14} However, R.C. 3107.07 sets forth exceptions to that general rule regarding consent. The version of R.C. 3107.07 applicable to the proceedings in this case provides, in relevant part:

Consent to adoption is not required of any of the following:

(A) A parent of a minor, when it is alleged in the adoption petition and the court, after proper service of notice and hearing, finds by clear and convincing evidence that the parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor as required by law or judicial decree for a period of at least one year immediately preceding either the filing of the adoption petition or the placement of the minor in the home of the petitioner.

* * *

(K) Except as provided in divisions (G) and (H) of this section, a juvenile court, agency, or person given notice of the petition pursuant to division (A)(1) of section 3107.11 of the Revised Code that fails to file an objection to the petition within fourteen days after proof is filed pursuant to division (B) of that section that the notice was given[.]

{¶15} With regard to the exception set forth in R.C. 3107.07(K), the version of R.C. 3107.11 applicable to the proceedings in this case provides:

(A) After the filing of a petition to adopt an adult or a minor, the court shall fix a time and place for hearing the petition. The hearing may take place at any time more than thirty days after the date on which the minor is placed in the home of the petitioner. At least twenty days before the date of hearing, notice of the filing of the petition and of the time and place of hearing shall be given by the court to all of the following:

(1) Any juvenile court, agency, or person whose consent to the adoption is required by this chapter but who has not consented;

(2) A person whose consent is not required as provided by division (A), (G), (H), or (I) of section 3107.07 of the Revised Code and has not consented;

(3) Any guardian, custodian, or other party who has temporary custody or permanent custody of the child.

Notice shall not be given to a person whose consent is not required as provided by division (B), (C), (D), (E), (F), or (J) of section 3107.07, or section 3107.071, of the Revised Code. Second notice shall not be given to a juvenile court, agency, or person whose consent is not required as provided by division (K) of section 3107.07 of the Revised Code because the court, agency, or person failed to file an objection to the petition within fourteen days after proof was filed pursuant to division (B) of this section that a first notice was given to the court, agency, or person pursuant to division (A)(1) of this section.

(B) Upon the filing of a petition for adoption that alleges that a parent has failed without justifiable cause to provide more than de minimis contact with the minor or to provide for the maintenance and support of the minor, the clerk of courts shall send a notice to that parent with the following language in boldface type and in all capital letters:

"A FINAL DECREE OF ADOPTION, IF GRANTED, WILL RELIEVE YOU OF ALL PARENTAL RIGHTS AND RESPONSIBILITIES, INCLUDING THE RIGHT TO CONTACT THE MINOR, AND, EXCEPT WITH RESPECT TO A SPOUSE OF THE ADOPTION PETITIONER AND RELATIVES OF THAT SPOUSE, TERMINATE ALL LEGAL RELATIONSHIPS BETWEEN THE MINOR AND YOU AND THE MINOR'S OTHER RELATIVES, SO THAT THE MINOR THEREAFTER IS A STRANGER TO YOU AND THE MINOR'S FORMER RELATIVES FOR ALL PURPOSES, WITH THE EXCEPTION OF DIVISION (A)(1)(b) OF SECTION 3107.15 OF THE REVISED CODE. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST FILE AN OBJECTION TO THE PETITION WITHIN FOURTEEN DAYS AFTER PROOF OF SERVICE OF NOTICE OF THE FILING OF THE PETITION AND OF THE TIME AND PLACE OF HEARING IS GIVEN TO YOU. IF YOU WISH TO CONTEST THE ADOPTION, YOU MUST ALSO APPEAR AT THE HEARING. A FINAL DECREE OF ADOPTION MAY BE ENTERED IF YOU FAIL TO FILE AN OBJECTION TO THE ADOPTION PETITION OR APPEAR AT THE HEARING."

(C) All notices required under this section shall be given as specified in the Rules of Civil Procedure. Proof of the giving of notice shall be filed with the court before the petition is heard.

**{¶16}** Because adoption terminates fundamental rights of the natural parent or parents, the Supreme Court of Ohio has repeatedly held that "'[a]ny exception to the requirement of parental consent [to adoption] must be strictly construed so as to protect the right of natural parents to raise and nurture their children.'" *In re Adoption of G.V.*, 2010-Ohio-3349, ¶ 6, quoting *In re Adoption of Masa*, *supra*, at 165.

**{¶17}** As this Court explained in *In re Adoption of C.H.B*, 2020-Ohio-979 (3d Dist.):

> The Supreme Court of Ohio has articulated a two-step analysis for probate courts to employ when applying R.C. 3107.07(A). *See In re the Adoption of B.G.F.*, 3d Dist. Shelby No. 17-18-06, 2018-Ohio-5063, citing *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236, ¶ 23.
>
> The first step involves the factual question of whether the petitioner has proven, by clear and convincing evidence, the natural parent failed to provide for the maintenance and support of the child or failed to have more than *de minimis* contact with the child. *In re Adoption of M.B.* at ¶ 23. Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. "A trial court has discretion to make these determinations, and, in connection with the first step of the analysis, an appellate court applies an abuse-of-discretion standard when reviewing a probate court decision." *In re Adoption of M.B.* at ¶ 25. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217 (1983).

> If a probate court makes a finding that the parent failed to support or contact the children, the court proceeds to the second step of the analysis and determines whether the petitioner proved by clear and convincing evidence that this failure was without justifiable cause. *In re Adoption of M.B.*, 131 Ohio St.3d 186, 2012-Ohio-236. The question of whether justifiable cause for the failure to contact the child has been proven in a particular case, "is a determination for the probate court and will not be disturbed on appeal unless such determination is against the manifest weight of the evidence." *Id.* "In determining whether a judgment is against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that there must be a reversal of the judgment and an order for a new trial." (Internal quotations omitted.) *In re Adoption of L.C.W.*, 12th Dist. Butler No. CA2014-08-169, 2015-Ohio-61, 2015 WL 135320, ¶ 14. In so doing, we must be mindful that the probate court is in the best position to observe the demeanor of the parties and assess the credibility and accuracy of the testimony.

*Id.*, at ¶¶ 20-22.

**{¶18}** In the instant case, however, we are unable to review the arguments raised by Breyeanna on appeal, as no transcript of the September 3, 2024 hearing was included in the record filed with this Court.

**{¶19}** "As to not filing a transcript, the appellant has the duty to ensure the record on appeal is complete." *Daniels v. Friend*, 2023-Ohio-2814, ¶ 7 (3d Dist.), citing *Terell v. Morgan Furniture*, 2022-Ohio-3981, ¶ 20 (11th Dist.). "Thus, an appellant must 'ensure that a transcript has been prepared and filed for this court's review.'" *Daniels*, at ¶ 7, quoting *State v. Justice*, 2022-Ohio-87, ¶ 4 (10th Dist.). *See, also,* App.R. 9.

{¶20} Absent a transcript of the evidentiary hearing at issue, Breyeanna cannot demonstrate the error of which she complains. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) ("[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.").

{¶21} Although this Court could overrule Breyeanna's assignment of error solely for that reason, the record before us also supports the trial court's alternative determination that Breyeanna's consent was not required because she failed to file a timely written objection to the adoption petition.

{¶22} As previously noted, pursuant to R.C. 3107.07(K), parental consent to an adoption is not necessary when the parent fails to file an objection to the petition within fourteen days after proof is filed that the requisite notice was given.

{¶23} In this case, the record reflects that, on April 9, 2024, the probate court filed a notice of hearing on petition for adoption, notifying Breyannea that the petition had been filed and setting a hearing on the petition. The notice of hearing further included a notification to Breyannea, pursuant to R.C. 3107.11(B), *supra*, that if she wished to contest the adoption, she needed to file an objection to the petition within fourteen days after proof of service of notice of the filing of the petition. Pursuant to R.C. 3107.11, the 14-day objection period begins when proof

-10-

of service of notice is filed with the trial court. Here, that date was April 22, 2024 and, as a result, Breyeanna's objection was due to be filed with the probate court on or before May 6, 2024. However, the record reflects that no objection was ever filed.

{¶24} On appeal, Breyeanna does not raise or dispute the propriety of the probate court's determination regarding Breyeanna's failure to file an objection to the adoption and, as noted, that finding of the trial court is supported by the record. Accordingly, we also affirm the September 3, 2024 judgment of the probate court on that basis.

{¶25} For both of the reasons stated, the assignment of error is overruled.

*Conclusion*

{¶26} Having found no error prejudicial to the respondent-appellant in the particulars assigned and argued, the assignment of error is overruled and the judgment of the Hancock County Court of Common Pleas, Probate Division, is affirmed.

***Judgment affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

Juergen A. Waldick, Judge

Mark C. Miller, Judge

John R. Willamowski, Judge

DATED:
/jlm